UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ALAN RHEINGOLD,

                Plaintiff,

     -against-

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER, J. PARRELLO,
TOWN/VILLAGE OF HARRISON,
DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

             Defendants.

-----------------------------------------------------------------X

**JUDGE CONNER**

**08 CV 0084**

FILED
U.S. DISTRICT COURT
S.D. OF N.Y.
2008 JAN -4 PM 3: 01

## DEFENDANTS' NOTICE OF REMOVAL

    Pursuant to 28 U.S.C. 1441 *et. seq.* and Local Rule 81.1(b), defendants, THE

TOWN OF HARRISON and TOWN OF HARRISON POLICE DEPARTMENT,

POLICE OFFICER J. PARRELLO ("Harrison Defendants") hereby give notice of the

removal of a civil action entitled:

-----------------------------------------------------------------X

ALAN RHEINGOLD,
Plaintiff,
       -against-

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER, J. PARRELLO,
TOWN/VILLAGE OF HARRISON,
DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,
Defendants.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

from the Supreme Court of the State of New York, County of Westchester, Index No.22309/07 to the United States District Court for the Southern District of New York.

The grounds for removal are that the instant matter raises questions of Federal Law. As alleged in the Summons with Notice filed in Supreme Court of the State of New York, County of Westchester, the plaintiff has asserted that the Harrison defendants have violated his civil rights. Specifically, the Plaintiff has alleged that the nature of his action involves claims for false arrest and detainment, malicious prosecution, violation of civil rights, violations of his equal protection and due process rights of the Plaintiff caused by the Town of Harrison, its servants and/or employees and by the actions of the Town of Harrison Police Department. Plaintiff cites that he has been deprived of his privileges and immunities guaranteed to him as a "citizen of the United States by Amendments IV, V, VII and Section I of the Amendment XIV of the Constitution of the United States." As jurisdiction for violations of rights guaranteed under the Constitution lies in the Federal Court for claims alleging violations of Civil Rights, removal is proper.

The removal of the action from State Court is timely. The Town Attorney's Office was served with the Summons and Complaint on December 7, 2007. (see Exhibit "A"). On December 11, 2007 defendant DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI filed her answer and thereafter, on December 27, 2007, the Defendants HARRISON TOWN POLICE DEPARTMENT, HARRISON POLICE

OFFICER, J. PARRELLO, TOWN/VILLAGE OF HARRISON served there answer.

The instant notice of removal is being made within 30 days of receipt of the pleadings.

No jury demand was made in the State Court prior to removal.

This petition is done with the full consent of all defendants. (see Exhibit "B")
A copy of the Summons and Complaint, the defendants HARRISON TOWN

POLICE DEPARTMENT, HARRISON POLICE OFFICER, J. PARRELLO,

TOWN/VILLAGE OF HARRISON answer (see Exhibit "C") and defendant

DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI'S answer (see

Exhibit "D") are appended to this Notice of Removal.

Pursuant to Local Rule 81.1(b), within twenty days after the service of this

Notice of Removal the defendants will file a copy of all records and proceedings of the

State Court with the clerk of this Court.

Dated:     Lake Success, New York
           January 3, 2008

FRIEDMAN, HARFENIST, LANGER & KRAUT
Attorneys for Harrison Town Police Department,
Harrison Police Officer J. Parrello, Town/Village of
Harrison, Defendants
3000 Marcus Avenue
Suite 2E1
Lake Success, New York 11042
516-775-5800

By: _____
        Charles Horn

To:   Steven Bernstein, Esq.
      Attorney for the Plaintiff Alan Rheingold
      Bernstein & Jaffe
      189 Montague Street Ste. 303
      Brooklyn, New York 11201

      Ursula A. Gangemi
      Attorney for Defendant Deborah Rheingold
      7820 Third Avenue
      Brooklyn, New York 11209

Bernstein & Jaffe
189 Montague Street Ste. 303
Brooklyn, New York 11201

Ursula A. Gangemi
Attorney for Defendant Deborah Rheingold
7820 Third Avenue
Brooklyn, New York 11209

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------X

ALAN RHEINGOLD,

           Plaintiff,                        Index No.

  - against -

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER, J. PARRELLO,        __VERIFIED COMPLAINT__
TOWN /VILLAGE OF HARRISON, DEBORAH
RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

           Defendants.
-----------------------------------------------------------X

      Plaintiff, ALAN RHEINGOLD, by his attorney, BERNSTEIN & JAFFE, Esqs., as and

for his verified complaint against the Defendants, alleges as follows upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.   That at all times hereinafter mentioned, Plaintiff, ALAN RHEINGOLD, was and still

is a resident of the County of Westchester, State of New York.

    2.   That at all times hereinafter mentioned, Defendant, HARRISON TOWN POLICE

DEPARTMENT, was and still is a government entity and/or domestic municipal corporation

duly organized and existing by virtue of the laws of the State of New York

    3.   That at all times hereinafter mentioned, Defendant, TOWN/VILLAGE OF

HARRISON, was and still is a government entity and/or domestic municipal corporation duly

organized and existing by virtue of the laws of the State of New York

    4.   That at all times hereinafter mentioned, Defendant, HARRISON POLICE OFFICER

J. PARRELLO, was employed by the HARRISON POLICE DEPARTMENT and/or

TOWN/VILLAGE OF HARRISON as a police officer and acting within the scope of his

employment as a police officer.

5.  That at all times hereinafter mentioned, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, was and still is a resident of the TOWN/VILLAGE OF HARRISON, COUNTY OF WESTCHESTER.

6.  That Defendant, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, is the ex-wife of Plaintiff, ALAN RHEINGOLD, and for many years, has been involved in custody proceedings against the Plaintiff in the County of Kings.

7.  That notwithstanding that Defendant, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, was directed by Kings County Supreme Court Justice Michael Ambrosio, and Kings County J.H.O. Leon Deutsch not to initiate proceedings against her ex-husband in any county but Kings County, on or about October 19, 2006, said Defendant initiated a family offense proceeding against Plaintiff in Family Court, Westchester County.

8.  That the Family Court, Westchester County issued an ex-parte order on or about October 19, 2006, modifying Plaintiff's parenting time with his two children, Zoe Rheingold and Sydney Rheingold, from alternate weeks to weekdays after school until 8:30 P.M., based on misrepresentations made by Defendant, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI.

9.  That there was no basis in law or fact for Defendant, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, to seek modification of Plaintiff's joint legal and physical custody of his two children. But for said Defendant's misrepresentation of the parties custody agreement no exparte modification of the parties parenting schedule would have been made.

10.  That on or about October 27, 2006, based upon a false and frivolous complaint and misrepresentations made by DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

Plaintiff was arrested by the other Defendants and charged with criminal contempt in the second degree based on an allegation that Plaintiff did violate Westchester County Family Court, Docket No. O-13842/06, which states that the above Plaintiff must return his children by 8:30 P.M. at the end of each visit, when he returned them at 8:50 P.M.

11.  That Plaintiff protested his innocence to Defendant police officer and municipal/government Defendants, begged the police to investigate the allegations of contempt made against him by said DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, and provided the police and municipal/government Defendants with written documentation that the Order, which he was alleged to have violated, had not been violated and accordingly, there was no basis in law or in fact to arrest the Plaintiff and thereafter imprison him.

12.  That the Defendants failed and refused to investigate the validity of the complaint made by Defendant, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI.

13.  That there was no basis for Defendants to seek and effectuate the arrest of Plaintiff. The arrest of Plaintiff was illegal and without authority of law.

14.  That the Plaintiff was falsely imprisoned and  in custody in the detention cell of the HARRISON POLICE DEPARTMENT.

15.  That the false arrest and illegal imprisonment of Plaintiff resulted from the making of false statements and the criminal complaint alleging contempt made by Defendant DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI

16.  That as a result of the false arrest and illegal imprisonment of the Plaintiff, the Plaintiff suffered: Plaintiff's health was impaired; Plaintiff suffered great mental distress; his reputation and character were injured; Plaintiff was embarrassed in front of members of the community, Plaintiff was forced to expend $5,000.00 to retain counsel to defend him against the

false and malicious charges; Plaintiff was caused to appear in the Harrison Town Court on eight (8) occasions to clear himself.

17. That heretofore and within ninety (90) days of the date of the occurrences complained of herein, the Plaintiff duly served government/municipal Defendants with a Notice of Claim, dated January 12, 2007, as required by law.

18. That heretofore and within ninety (90) days of the date of the occurrences complained of herein, the Plaintiff duly served government/municipal Defendants with a Supplemental Notice of Claim, dated August 29, 2007, as required by law.

19. That more than thirty (30) days have elapsed since the service of said Notice of Claim and said municipal/government Defendants, have failed and refused to settle or satisfy Plaintiff's claim, and the same remains wholly unpaid and unsatisfied, except that a 50h Hearing is scheduled for November 21, 2007.

20. That this action has been commenced within one (1) year and ninety (90) days after the causes of action accrued.

21. That the actions of the Defendants were intentionally willful, reckless, malicious and wanton.

22. That as a result of the foregoing, Plaintiff seeks compensatory and punitive damages in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

23. That by reason of the following, Plaintiff seeks compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS from the individual Defendants HARRISON POLICE OFFICER, J. PARRELLO and DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI.

## AS AND FOR A SECOND CAUSE OF ACTION

24.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "23" of the complaint with the same force and effect as though fully set forth herein.

25.  That Plaintiff was falsely arrested, falsely imprisoned and Plaintiff's injuries and damages resulted from the negligence and culpable conduct of the Defendants and without any negligence of the Plaintiff contributing thereto in any manner.

26.  That solely by reason of the negligence and culpable conduct of the Defendants as aforesaid alleged, the Plaintiff suffered: Plaintiff's health was impaired; Plaintiff suffered great mental distress; his reputation and character were injured; Plaintiff was embarrassed in front of members of the community, Plaintiff was forced to expend $5,000.00 to retain counsel to defend him against the false and malicious charges;  Plaintiff was caused to appear in the Harrison Town Court on eight (8) occasions to clear himself.

27.  That as a result of the foregoing, Plaintiff seeks compensatory and punitive damages in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

28.  That by reason of the following, Plaintiff seeks compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS  from the individual Defendants HARRISON  POLICE OFFICER, J. PARRELLO and DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI.

## AS AND FOR A THIRD CAUSE OF ACTION

29.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "28" of the complaint with the same force and effect as though fully set

forth herein.

30.  That the government/municipal Defendants carelessly and negligently hired, trained, and/or supervised the aforesaid POLICE OFFICER J. PARRELLO, and said carelessness and negligence resulted in the arrest, imprisonment, and prosecution of the Plaintiff.

31.  That as a result of the foregoing, Plaintiff seeks compensatory and punitive damages in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

32.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "31" of the complaint with the same force and effect as though fully set forth herein.

33.  That Defendants violated Plaintiffs civil rights, due process rights, and rights of equal protection by summarily and without cause rejecting and refusing to investigate or accept Plaintiff's complaints of harassment, contempt, and stalking against Plaintiff's ex-wife Defendant DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, which were made to Defendants on October 21, 2006 and October 22, 2006.

34.  That on October 27, 2007 HARRISON POLICE OFFICER J. PARRELLO and others, without any legal basis, and under the color of his authority as a police officer, mocked Plaintiff and refused to listen to Plaintiff, refused to investigate the criminal complaint made by Defendant DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI against Plaintiff and refused to listen to or investigate Plaintiff's complaints against Defendant DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI despite Plaintiff's pleas to investigate the allegations against him.

35.  That upon information and belief, said Defendant actions of Defendants were a

product of discrimination against the Plaintiff based upon the fact that he was a male.

36. That the complaints of Defendant DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI were accepted by Defendants and Plaintiff was arrested, imprisoned and prosecuted and the complaints made by Plaintiff were summarily rejected and not investigated solely because Plaintiff is a male.

37. That on a regular basis, Defendants pursue complaints of domestic violence by females and reject and refuse to investigate similar complaints made by males

38. That the acts of HARRISON POLICE OFFICER J. PARRELLO, acting under the color of law and authority as a police officer of the TOWN/VILLAGE OF HARRISON as herein above set forth and the actions and inactions of all Defendants, deprived this Plaintiff of the privileges and immunities guaranteed to Plaintiff as a citizen of the United States by Amendments IV, V, VII and Section I of Amendment XIV of the Constitution of the United States, and equal protection under the law, all to Plaintiff's damage in a sum which is in excess of the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

39. That by reason of the foregoing seeks to recover his legals expended in prosecuting this action.

## AS AND FOR A FIFTH CAUSE OF ACTION

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "39" with the same force and effect as though fully set forth herein.

41. That on or about the 3rd day of November, 2006, before a Judge of the County of Westchester, Town Court of Harrison, the Plaintiff was falsely and maliciously, and without probable cause or provocation, charged with the crime and/or criminal offense of contempt in the second degree.

42. That as a result thereof, the Plaintiff suffered: Plaintiff's health was impaired; Plaintiff suffered great mental distress; his reputation and character were injured; Plaintiff was embarrassed in front of members of the community, Plaintiff was caused to retain counsel to defend him against the malicious, false allegations made against him; Plaintiff was caused to appear in Court on at least eight (8) occasions, was separated from his wife and was otherwise injured.

43.   That on or about the 3rd day of August, 2007, the aforesaid criminal charges against the Plaintiff were dismissed.

44.   That the actions of the Defendants was intentionally willful, reckless, malicious and wanton in pursuing prosecution of Plaintiff and in failing to seek dismissal of the criminal complaint filed against the Plaintiff.

45.   That as a result of the foregoing, Plaintiff seeks compensatory and punitive damages in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

46.   That by reason of the following, Plaintiff seeks compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS  from the individual Defendants HARRISON  POLICE OFFICER, J. PARRELLO and DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI.

**WHEREFORE,** Plaintiff demands judgment against all Defendants on all causes of action in the complaint for compensatory and punitive damages in an amount to be determined upon the trial of this action, against the municipal and government Defendants, and judgment against the individual Defendants HARRISON  POLICE OFFICER, J. PARRELLO and DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI. for compensatory damages in the

amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and for punitive damages

in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with costs,

disbursements, interest and attorneys fees.

Dated: Brooklyn, NY
       October 25, 2007

Yours, etc.

STEVEN C. BERNSTEIN
**BERNSTEIN & JAFFE, ESQS.**
Attorney for Plaintiff
189 Montague Street, Suite 303
Brooklyn, NY 11201
(718) 875-7900

Case 1:08-cv-00829/CC

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ Certification By Attorney   certify that the within has been compared by me with the original and found to be a true and complete copy.

☒ Attorney's Affirmation   state that I am    the    the Plaintiff                          in the within the attorney(s) of record for    Verified Complaint          and know the contents thereof;

action; I have read the foregoing    Verified Complaint    and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by    Plaintiff is because Plaintiff does not reside in a County where your affirmant maintains an office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:    File maintained by my office

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: October 25, 2007    _____
                            STEVEN C. BERNSTEIN, ESQ.

STATE OF NEW YORK, COUNTY OF                    ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ Individual Verification    in the action; I have read the foregoing    and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification    the    of    a    corporation and a party in the within action; I have read the foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on    _____
                          The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                    ss.:    (If more than one box is checked—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On _____    I served the within

☐ Service By Mail    by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ Personal Service on Individual    by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party therein:

☐ Service by Electronic Means    by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ Overnight Delivery Service    by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

_____
The name signed must be printed beneath

Sworn to before me on

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ALAN RHEINGOLD,

Plaintiff,

- against -

HARRISON TOWN POLICE DEPARTMENT, HARRISON POLICE OFFICER, J. PARRELLO, TOWN/VILLAGE OF HARRISON, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

Defendant.

SUMMONS AND
VERIFIED COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath   STEVEN C. BERNSTEIN

Attorneys for  Plaintiff

BERNSTEIN & JAFFE

Office and Post Office Address, Telephone
189 Montague Street
Suite 303
BROOKLYN, NY 11201
(718) 875-7900

To

Attorney(s) for
Service of a copy of the within is hereby admitted.
Dated

...............................................

Attorney(s) for

---

PLEASE take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

BERNSTEIN & JAFFE

Attorneys for

Office and Post Office Address
189 Montague Street
Suite 303
BROOKLYN, NY 11201

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at

on
at
Dated,
M.

Yours, etc.

BERNSTEIN & JAFFE

Attorneys for

Office and Post Office Address
189 Montague Street
Suite 303
BROOKLYN, NY 11201

To

Attorney(s) for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------X

ALAN RHEINGOLD,                                INDEX NO. 22309/07

                          Plaintiffs,

        - against -                            CONSENT TO
                                               REMOVAL

HARRISON POLICE DEPARTMENT,
HARRISON POLICE OFFICER,
J. PARRELLO, TOWN/VILLAGE OF
HARRISON, DEBORAH RHEINGOLD,
a/k/a DEBORAH GIERSZEWSKI,

                          Defendants.
------------------------------------------------------X

As counsel for and on behalf of Defendant, Deborah Rheingold, a/k/a Deborah

Gierszewski, I consent to co-defendants, Harrison Police Department, Harrison Police

Officer, J. Parrello, Town/Village of Harrison, Deborah Rheingold, a/k/a Deborah

Gierszewski, application to remove the instant action from New York State Court to a

competent court of Federal Jurisdiction.

                                        Ursula Gangemi
                                        Counsel for Defendant
                                        Deborah Rheingold

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------------------------x
ALAN RHEINGOLD,

                              Plaintiff,                          Index No.:22309/07

              -against-                          **VERIFIED ANSWER WITH
                                                 AFFIRMATIVE DEFENSES**

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER J. PARRELLO,
TOWN/VILLAGE OF HARRISON,
DEBORAH RHEINGOLD,a/k/a
DEBORAH GIERSZEWSKI
                              Defendants,

--------------------------------------------------------x

          Defendants, HARRISON TOWN POLICE DEPARTMENT, HARRISON

POLICE OFFICER J. PARRELLO,TOWN/VILLAGE OF HARRISON,

by and through its attorneys, FRIEDMAN, HARFENIST, LANGER & KRAUT, hereby

responds to the Verified Complaint as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

     1.     Denies knowledge and information sufficient to form a belief as to the

allegation contained in paragraph 1 of the Verified Complaint.

     2.     Denies each and every allegation contained in paragraph 2 of the Verified

Complaint.

     3.     Admits to the allegation contained in Paragraph 3 of the Verified Complaint.

     4.     Admits to the allegation contained in Paragraph 4 of the Verified Complaint.

     5.     Denies knowledge and information sufficient to form a belief as to the

allegation contained in paragraph 5 of the Verified Complaint.

     6.     Denies knowledge and information sufficient to form a belief as to the

allegation contained in paragraph 6 of the Verified Complaint.

7.    Denies knowledge and information sufficient to form a belief as to the allegation contained in paragraph 7 of the Verified Complaint.

8.    Deny, except admit that the Family Court, Westchester County issued an Order on or about October 19, 2006 modifying Plaintiff's preventing time with his two children Zhoe Reingold and Sydney Rhiengold, from alternate weeks to weekdays after school until 8:30 p.m. but denies knowledge and information sufficient to form a belief as to the allegation of misrepresentation made by the defendant Deborah Rheingold a/k/a Deborah Gierszewski contained in paragraph 8 of the Verified Complaint.

9.    Denies each and every allegation contained in the complaint, but leaves all questions of law to the Court.

10.    Denies information based upon a false and frivolous complaint and misrepresentations made by Deborah Rheingold a/k/a Deborah Gierszewski but admits plaintiff was arrested and charged with criminal contempt in the second degree based on an allegation that Plaintiff did violate Westchester County Family Court, Docket No. 0-13842/06 which states that the above plaintiff must return the children by 8:30 p.m. at the end of each visit, when he returned them at 8:50 p.m. contained in paragraph 10 of the Verified Complaint.

11.    Denies knowledge and information sufficient to form a belief as to the allegation contained in paragraph 11 of the Verified Complaint.

12.    Denies each and every allegation contained in paragraph 12 of the Verified Complaint.

2

13.    Denies each and every allegation contained in paragraph 13 of the Verified Complaint.

14.    Denies each and every allegation contained in paragraph 14 of the Verified Complaint.

15.    Denies each and every allegation contained in paragraph 15 of the Verified Complaint.

16.    Denies each and every allegation contained in paragraph 16 of the Verified Complaint.

17.    Denies each and every allegation contained in paragraph 17 of the Verified Complaint but leaves all questions of law to the Court.

18.    Denies each and every allegation contained in paragraph 18 of the Verified Complaint but leaves all questions of law to the Court.

19.    Denies each and every allegation contained in paragraph 19 of the Verified Complaint but leaves all questions of law to the Court.

20.    Denies each and every allegation contained in paragraph 20 of the Verified Complaint but leaves all questions of law to the Court.

21.    Denies each and every allegation contained in paragraph 21 of the Verified Complaint.

22.    Denies each and every allegation contained in paragraph 22 of the Verified Complaint but leaves all questions of law to the Court.

23.    Denies each and every allegation contained in paragraph 23 of the Verified Complaint but leaves all questions of law to the Court.

## AS AND FOR A SECOND CAUSE OF ACTION

24.    Defendant, repeats, reiterates and realleges each and every denial heretofore stated with the same force and effect as if same were fully set forth at length herein.

25.    Denies each and every allegation contained in paragraph 25 of the Verified Complaint.

26.    Denies each and every allegation contained in paragraph 26 of the Verified Complaint.

27.    Denies each and every allegation contained in paragraph 27 of the Verified Complaint but leaves all questions of law to the Court.

28.    Denies each and every allegation contained in paragraph 28 of the Verified Complaint but leaves all questions of law to the Court.

## AS AND FOR A THIRD CAUSE OF ACTION

29.    Defendant, repeats, reiterates and realleges each and every denial heretofore stated with the same force and effect as if same were fully set forth at length herein.

30.    Denies each and every allegation contained in paragraph 30 of the Verified Complaint.

31.    Denies each and every allegation contained in paragraph 31 of the Verified Complaint but leaves all questions of law to the Court.

4

## AS AND FOR A FOURTH CAUSE OF ACTION

32.    Defendant, repeats, reiterates and realleges each and every denial heretofore stated with the same force and effect as if same were fully set forth at length herein.

33.    Denies each and every allegation contained in paragraph 33 of the Verified Complaint.

34.    Denies each and every allegation contained in paragraph 34 of the Verified Complaint.

35.    Denies each and every allegation contained in paragraph 35 of the Verified Complaint.

36.    Denies each and every allegation contained in paragraph 36 of the Verified Complaint.

37.    Denies each and every allegation contained in paragraph 37 of the Verified Complaint.

38.    Deny except admits to the allegation that the acts of Harrison Police Officer J. Parrello acting under the color of law and authority as a police officer of the Town/Village of Harrison all relevant times set forth in Plaintiff's Complaint.

39.    Denies each and every allegation contained in paragraph 39 of the Verified Complaint but leaves all questions of law to the Court.

## AS AND FOR A FIFTH CAUSE OF ACTION

40.    Defendant, repeats, reiterates and realleges each and every denial heretofore stated with the same force and effect as if same were fully set forth at length herein.

41.    Denies each and every allegation contained in paragraph 41 of the Verified Complaint.

42.    Denies each and every allegation contained in paragraph 42 of the Verified Complaint.

43.    Denies each and every allegation contained in paragraph 43 of the Verified Complaint but leaves all questions of law to the Court.

44.    Denies each and every allegation contained in paragraph 44 of the Verified Complaint.

45.    Denies each and every allegation contained in paragraph 45 of the Verified Complaint but leaves all questions of law to the Court.

46.    Denies each and every allegation contained in paragraph 46 of the Verified Complaint but leaves all questions of law to the Court.

## AS AND FOR THE DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

The Harrison Police Department is not an independent municipal entity and therefore not a proper Defendant.

## AS AND FOR THE DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

The actions taken by the Defendants were made in good faith, without malice and in conformity with any and all applicable laws.

**AS AND FOR THE DEFENDANTS' THIRD AFFIRMATIVE DEFENSE**

The actions complained of were in full accord with applicable State and Federal law.


**AS AND FOR THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's constitutional and statutory rights have not been violated by the named defendant herein.


**AS AND FOR THE DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE**

That all arrests, investigations and prosecutions were based on probable cause or were otherwise reasonable and justified as defined in the Penal Law and the Criminal Procedure Law.


**AS AND FOR THE DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE**

The Defendants' actions are protected by the doctrine of qualified immunity.


**AS AND FOR THE DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE**

That all or part of the Plaintiff's suit is barred by the Plaintiff's failure to properly comply with §50-e and 50-i of the General Municipal Law.


**AS AND FOR THE DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a cause of action upon which relief may be granted

**AS AND FOR THE DEFENDANTS' NINTH AFFIRMATIVE DEFENSE**

The Plaintiff has failed to properly allege a municipal, policy, practice or procedure under *Monell v. Dep't of Social Serv.*, sufficient to maintain a cause of action against the municipal defendants and those sued in their official capacity.

## AS AND FOR THE DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

The Plaintiff may not obtain punitive damages against a municipality.


## AS AND FOR THE DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff fails to set forth sufficient facts for any claim sounding in Negligence


## AS AND FOR THE DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with the Statute of Limitations.


## AS AND FOR THE DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

The doctrine of Respondent Superior is inapplicable in actions surrounding in Title 42 Section 1983.


**WHEREFORE**, the Defendants demands judgment dismissing plaintiffs' complaint in its entirety along with the costs and disbursements of this action.

Dated: Lake Success, New York
December 27, 2007


FRIEDMAN, HARFENIST, LANGER & KRAUT

By:_____
Charles H. Horn
Attorneys for Defendants
3000 Marcus Avenue Suite 2E1
Lake Success, New York 11042
(516) 775-5800

8

## ATTORNEY VERIFICATION

Charles H. Horn, an attorney duly admitted to the practice of law in the Courts of the State of New York affirms the following to be true under the penalties of perjury:

I am the attorney for the Defendants, Harrison Town Police Department, Harrison Police Officer J. Parrello, and Town/Village of Harrison in the within action and I have read the foregoing Verified Answer with Affirmative Defenses and know the contents thereof and the same is true to the knowledge of the affirmant, except as to the matters stated to be alleged upon information and belief and as to those matters I believe it to be true.

Affirmant further states that the reason why the plaintiff does not make this verification is that said defendants, upon information and belief, resides in a County other than where affirmant has his office. That the grounds of affirmant's belief as to all matters not therein stated to be alleged upon his knowledge are investigations and information received by affirmant in the course of his duties as an attorney for said defendants.

DATED:    Lake Success, New York
          December 27, 2007

_____
Charles H. Horn

STATE OF NEW YORK )
         )ss.:
COUNTY OF NASSAU )

    ROSEMARY HOGAN, being duly sworn, deposes and says:

    Deponent is not a party to the action, is over 18 years of age and resides in Queens, New York.

    On December 27, 2007, deponent served the within

VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES

upon the following person(s) herein at the following address(s), by depositing true copies of same enclosed in properly addressed, post-paid wrapper(s), by regular mail in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

              ROSEMARY HOGAN

To: Steven Bernstein, Esq.
Bernstein & Jaffe
189 Montague Street, suite 303
Brooklyn, NY 11201

Sworn to before me this
27th day of December, 2007

_____
NOTARY PUBLIC

GAYLE LANDY BENSON
Notary Public, State of New York
No. 01BE5075651
Qualified in Nassau County
Commission Expires April 7, 2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Index No. 22309/07

ALAN RHEINGOLD,

Plaintiff,

-against-

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER J. PARRELLO,
TOWN/VILLAGE OF HARRISON,
DEBORAH RHEINGOLD, a/k/a
DEBORAH GIERSZEWEWSKI

Defendants,

## VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous and that this matter was not obtained through illegal conduct or in violation of DR 7-111.*

*Dated:    Lake Success, N.Y.*
*December 27, 2007*

*Charles H. Horn*

**FRIEDMAN, HARFENIST, LANGER & KRAUT**
*Attorneys for Defendants*
3000 Marcus Avenue - Suite 2E1
Lake Success, NY 11042-1005
(516) 775-5800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X

ALAN RHEINGOLD

                                   Plaintiff,                    **VERIFIED ANSWER**

               -against-                                         Index No.  22309/07

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER, J. PARRELLO,
TOWN/VILLAGE OF HARRISON, DEBORAH
RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

                                   Defendants.
------------------------------------------------------------X

       Defendant, DEBORAH GIERSZEWSKI,  by her attorney, URSULA A. GANGEMI,

PLLC., by Ursula A. Gangemi, Esq., hereby interposes the following Answer to the Plaintiff's

Verified Complaint:

       1. Denies knowledge sufficient to form a belief as to those allegations in paragraph 1.

       2. Denies knowledge sufficient to form a belief as to those allegations in paragraph 2.

       3. Denies knowledge sufficient to form a belief as to those allegations in paragraph 3.

       4. Denies knowledge sufficient to form a belief as to those allegations in paragraph 4.

       5. Admit those allegations in paragraph 5.

       6. Denies those allegations in paragraph 6.

       7. Denies the allegations contained in paragraph 7.

       8. Denies the allegations contained in paragraph 8.

       9. Denies those allegations in paragraph 9.

       10. Denies those allegations in paragraph 10.

11. Denies those allegation contained in paragraph 11.

12. Denies those allegations in paragraph 12.

13. Denies those allegations in paragraph 13.

14 . Denies those allegations in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies knowledge sufficient to form a belief as to those allegations in paragraph 17.

18. Denies knowledge sufficient to form a belief as to those allegations in paragraph 18.

19. Denies knowledge sufficient to form a belief as to those allegations in paragraph 19.

20. Denies knowledge sufficient to form a belief as to those allegations in paragraph 20.

21. Denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Repeats and reasserts each and every response contained in paragraphs "1" through

"23" as though fully set forth herein.

25. Denies the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26.

27. Denies those allegations in paragraph 27.

28. Denies those allegations in paragraph 28.

29. Repeats and reasserts each and every response contained in paragraphs "1" through

"28" as though fully set forth herein.

Denies knowledge sufficient to form a belief as to those allegations in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

32. Repeats and reasserts each and every response contained in paragraphs "1" through "31" as though fully set forth herein.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Repeats and reasserts each and every response contained in paragraphs "1" through "39" as though fully set forth herein.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43.

44. Denies those allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for which relief can be granted against this answering Defendant.

-3-

WHEREFORE, Defendant demands judgment dismissing the complaint herein, together with the costs and disbursements in this action.

Dated: Brooklyn, New York
      December 10 2005

URSULA A. GANGEMI, PLLC.
By Ursula A. Gangemi, Esq
Attorney for Defendant Deborah Gierszewski
7820 3rd Avenue
Brooklyn, N.Y. 11209
(718) 238-8855

-4-

## VERIFICATION

STATE OF NEW YORK}

                  ss:

COUNTY OF KINGS    }

DEBORAH GIERSZEWSKI, being duly sworn, deposes and says that:

I am a Defendant in the within action and I have read the foregoing Answer and know the contents thereof.    The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Subscribed and Sworn to
before me on December 11, 2007

_Theresa A Tortorici_
NOTARY PUBLIC

_Deborah Gierszewski_
DEBORAH GIERSZEWSKI

THERESA A. TORTORICI
NOTARY PUBLIC STATE OF NEW YORK
NO. 01TO6053470
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JANUARY b, 20_11_

-5-

## AFFIRMATION OF SERVICE

STATE OF NEW YORK, COUNTY OF KINGS  ss:

URSULA A. GANGEMI, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalty of perjury:

That on December 11, 2007, deponent served the within Verified Answer upon Steven Bernstein, Esq. Attorney for Plaintiff in this action, at the address designated by said attorney for that purpose, 189 Montague Street, Suite 303, Brooklyn, NY 11201 ,by depositing a true copy of same, enclosed in a post-paid, properly addressed wrapper, in a post-office/official depository under the exclusive care and custody of the Untied Stated Postal Service within the State of New York.

Dated: December 11, 2007
       Brooklyn, N.Y.


URSULA A. GANGEMI

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER                        INDEX NO. 22309/07

_____

ALAN RHEINGOLD

                                    Plaintiff,

        -against-

HARRISON TOWN POLICE DEPARTMENT, HARRISON
POLICE OFFICER, J. PARRELLO, TOWN/VILLAGE OF HARRISON, DEBORAH
RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI

                                    Respondent.

_____


                           VERIFIED ANSWER

_____


                      Ursula A. Gangemi, PLLC.
                      By Ursula A. Gangemi, Esq.
               Attorney for Defendant Deborah Rheingold
                      a/k/a Deborah Gierszewski
                          7820 Third Avenue
                       Brooklyn, New York 11209
                           (718) 238-8855
                         (718) 238-8853 Fax

_____


            COMPLIANCE PURSUANT TO 22 NYCRR § 130-1.1-a

To the best of the undersigned's knowledge, information and belief formed after an inquiry reasonable under
the circumstances, the within documents(s) and contentions contained herein are not frivolous as defined in
22 NYCRR § 130-1.1-a.