UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

ALAN RHEINGOLD,

                Plaintiff,             08 CV 0084 (WCC)

      -against-                   NOTICE OF MOTION

HARRISON TOWN POLICE
DEPARTMENT, HARRISON POLICE
OFFICER, J. PARRELLO,
TOWN/VILLAGE OF HARRISON,
DEBORAH RHEINGOLD, a/k/a
DEBORAH GIERSZEWSKI,

                Defendants.
_____X

    ***PLEASE TAKE NOTICE*** that upon the accompanying Memorandum

of Law dated the 15th Day of February, 2008, and all the papers and

pleadings heretofore had herein, Defendants HARRISON TOWN POLICE

DEPARTMENT, HARRISON POLICE OFFICER J. PARRELLO AND

TOWN/VILLAGE OF HARRISON, shall move this Court before the Hon.

William C. Connor, at the United States District Court, Southern District,

located at 300 Quarropas Street, White Plains, New York pursuant to

Federal Rule of Civil Procedure 12(c), for an order: 1) dismissing the

plaintiff's complaint against the defendants Harrison Police Department; 2)

dismissing the plaintiff's cause of action for false arrest arising under 42

USC §1983 as against P.O. J. Parrello; 3) dismissing plaintiff causes of

action for false arrest arising under 42 USC §1983 as against P.O. J. Parrello

on Qualified immunity grounds 4) dismissing plaintiff's causes of action

under 42 USC §1983 and New York State law for malicious prosecution; 5)

dismissing plaintiff's municipal causes of action for failure to set forth an

underlying constitutional violation; 6) dismissing all plaintiff's claims

sounding in negligence and for such other and further relief as may be just ,

proper and equitable under the circumstances existing herein.

Dated:      Lake Success, New York
            February 15, 2008

                         Yours etc,
                         FRIEDMAN, HARFENIST,
                         LANGER & KRAUT
                         3000 Marcus Avenue Suite 2E1
                         Lake Success, New York 11042
                         (516) 775-5800

                         By: _____
                             Charles Horn (CHH 1886)



© 1973 BY JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

C 106—Summons with Notice, Blank Court.
Personal or Substituted Service, 8-88

Index No. 22309 /2007

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

*Plaintiff designates*
Westchester

*County as the place of trial*

ALAN RHEINGOLD,

*The basis of the venue is*
Plaintiff's residence

*Plaintiff*

**against**

𝕾𝖚𝖒𝖒𝖔𝖓𝖘 𝖜𝖎𝖙𝖍 𝕹𝖔𝖙𝖎𝖈𝖊

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER, J. PARRELLO,
TOWN/VILLAGE OF HARRISON, DEBORAH RHEINGOLD,
a/k/a DEBORAH GIERSZEWSKI,

*Plaintiff    resides at*
30 High Ridge Road
West Harrison, New York

*County of    Westchester*

*Defendant*

Index Number Purchased:10/26/0

*To the above named Defendant* S

𝕽𝖔𝖚 𝖆𝖗𝖊 𝖍𝖊𝖗𝖊𝖇𝖞 𝖘𝖚𝖒𝖒𝖔𝖓𝖊𝖉 *to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within* 30 *days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.*

*Dated,* October 25, 2007
*Defendant's address:* 650 North Street    1 Heinemann
Harrison, NY        Harrison, NY
197 Woodside Avenue, West Harrison, NY
*Notice: The nature of this action is* as described in
the annexed verified complaint

STEVEN C. BERNSTEIN
BERNSTEIN & JAFFE, ESQS.
*Attorney(s) for Plaintiff*
*Office and Post Office Address*
189 Montague Street, Ste. 30:
Brooklyn, NY 11201
(718) 875-7900

*The relief sought is* Compensatory damages in the amount of $500,000.00 and punitive damages in the amount of $500,000.00 and other damages in an amount to be determined upon the trial of this action.

*Upon your failure to appear, judgment will be taken against you by default for the sum of $* 1,000,000.00 *with interest from* October 27 , 2007    19    *and the costs of this action.*

and attorneys' fees.

RECEIVED
LAW DEPT.
TOWN-VLG. OF HARRISON, NY
2007 DEC -7 A 11: 04

RECEIVED

OCT 26 2007

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X

ALAN RHEINGOLD,

                 Plaintiff,                       Index No.

     - against -

HARRISON TOWN POLICE DEPARTMENT,
HARRISON  POLICE OFFICER, J. PARRELLO,
TOWN /VILLAGE OF HARRISON, DEBORAH
RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

                  Defendants.
---------------------------------------------------------------X

            **VERIFIED COMPLAINT**

         Plaintiff, ALAN RHEINGOLD, by his attorney, BERNSTEIN & JAFFE, Esqs., as and

for his verified complaint against the Defendants, alleges as follows upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

       1.   That at all times hereinafter mentioned, Plaintiff, ALAN RHEINGOLD, was and still

is a resident of the County of Westchester, State of New York.

       2.   That at all times hereinafter mentioned, Defendant, HARRISON TOWN POLICE

DEPARTMENT, was and still is a government entity and/or domestic municipal corporation

duly organized and existing by virtue of the laws of the State of New York

       3.   That at all times hereinafter mentioned, Defendant, TOWN/VILLAGE OF

HARRISON, was and still is a government entity and/or domestic municipal corporation duly

organized and existing by virtue of the laws of the State of New York

       4.   That at all times hereinafter mentioned, Defendant, HARRISON POLICE OFFICER

J. PARRELLO, was employed by the HARRISON POLICE DEPARTMENT and/or

TOWN/VILLAGE OF HARRISON as a police officer and acting within the scope of his

employment as a police officer.

5.    That at all times hereinafter mentioned, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, was and still is a resident of the TOWN/VILLAGE OF HARRISON, COUNTY OF WESTCHESTER.

6.    That Defendant, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, is the ex-wife of Plaintiff, ALAN RHEINGOLD, and for many years, has been involved in custody proceedings against the Plaintiff in the County of Kings.

7.    That notwithstanding that Defendant, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, was directed by Kings County Supreme Court Justice Michael Ambrosio, and Kings County J.H.O. Leon Deutsch not to initiate proceedings against her ex-husband in any county but Kings County, on or about October 19, 2006, said Defendant initiated a family offense proceeding against Plaintiff in Family Court, Westchester County.

8.    That the Family Court, Westchester County issued an ex-parte order on or about October 19, 2006, modifying Plaintiff's parenting time with his two children, Zoe Rheingold and Sydney Rheingold, from alternate weeks to weekdays after school until 8:30 P.M., based on misrepresentations made by Defendant, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI.

9.    That there was no basis in law or fact for Defendant, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, to seek modification of Plaintiff's joint legal and physical custody of his two children. But for said Defendant's misrepresentation of the parties custody agreement no exparte modification of the parties parenting schedule would have been made.

10.    That on or about October 27, 2006, based upon a false and frivolous complaint and misrepresentations made by DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

Plaintiff was arrested by the other Defendants and charged with criminal contempt in the second

degree based on an allegation that Plaintiff did violate Westchester County Family Court, Docket

No. O-13842/06, which states that the above Plaintiff must return his children by 8:30 P.M. at the

end of each visit, when he returned them at 8:50 P.M.

11.    That Plaintiff protested his innocence to Defendant police officer and

municipal/government Defendants, begged the police to investigate the allegations of contempt

made against him by said DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, and

provided the police and municipal/government Defendants with written documentation that the

Order, which he was alleged to have violated, had not been violated and accordingly, there was

no basis in law or in fact to arrest the Plaintiff and thereafter imprison him.

12.    That the Defendants failed and refused to investigate the validity of the complaint

made by Defendant, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI.

13.    That there was no basis for Defendants to seek and effectuate the arrest of Plaintiff.

The arrest of Plaintiff was illegal and without authority of law.

14.    That the Plaintiff was falsely imprisoned and  in custody in the detention cell of the

HARRISON POLICE DEPARTMENT.

15.    That the false arrest and illegal imprisonment of Plaintiff resulted from the making

of false statements and the criminal complaint alleging contempt made by Defendant DEBORAH

RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI

16.    That as a result of the false arrest and illegal imprisonment of the Plaintiff, the

Plaintiff suffered: Plaintiff's health was impaired; Plaintiff suffered great mental distress; his

reputation and character were injured; Plaintiff was embarrassed in front of members of the

community, Plaintiff was forced to expend $5,000.00 to retain counsel to defend him against the

false and malicious charges;  Plaintiff was caused to appear in the Harrison Town Court on eight (8) occasions to clear himself.

17.   That heretofore and within ninety (90) days of the date of the occurrences complained of herein, the Plaintiff duly served government/municipal Defendants with a Notice of Claim, dated January 12, 2007, as required by law.

18.   That heretofore and within ninety (90) days of the date of the occurrences complained of herein, the Plaintiff duly served government/municipal Defendants with a Supplemental Notice of Claim, dated August 29, 2007, as required by law.

19.   That more than thirty (30) days have elapsed since the service of said Notice of Claim and said municipal/government Defendants, have failed and refused to settle or satisfy Plaintiff's claim, and the same remains wholly unpaid and unsatisfied, except that a 50h Hearing is scheduled for November 21, 2007.

20.   That this action has been commenced within one (1) year and ninety (90) days after the causes of action accrued.

21.   That the actions of the Defendants were intentionally willful, reckless, malicious and wanton.

22.   That as a result of the foregoing, Plaintiff seeks compensatory and punitive damages in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

23.   That by reason of the following, Plaintiff seeks compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS  from the individual Defendants HARRISON  POLICE OFFICER, J. PARRELLO and DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI.

## AS AND FOR A SECOND CAUSE OF ACTION

24.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

Paragraphs "1" through "23" of the complaint with the same force and effect as though fully set

forth herein.

25.    That Plaintiff was falsely arrested, falsely imprisoned and Plaintiff's injuries and

damages resulted from the negligence and culpable conduct of the Defendants and without any

negligence of the Plaintiff contributing thereto in any manner.

26. That solely by reason of the negligence and culpable conduct of the Defendants as

aforesaid alleged,  the Plaintiff suffered: Plaintiff's health was impaired; Plaintiff suffered great

mental distress; his reputation and character were injured; Plaintiff was embarrassed in front of

members of the community, Plaintiff was forced to expend $5,000.00 to retain counsel to defend

him against the false and malicious charges;  Plaintiff was caused to appear in the Harrison Town

Court on eight (8) occasions to clear himself.

27.    That as a result of the foregoing, Plaintiff seeks compensatory and punitive damages

in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

28.    That by reason of the following, Plaintiff seeks compensatory damages in the

amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and punitive damages in

the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS  from the individual

Defendants HARRISON  POLICE OFFICER, J. PARRELLO and DEBORAH RHEINGOLD,

a/k/a DEBORAH GIERSZEWSKI.

## AS AND FOR A THIRD CAUSE OF ACTION

29.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

Paragraphs "1" through "28" of the complaint with the same force and effect as though fully set

forth herein.

30.   That the government/municipal Defendants carelessly and negligently hired, trained, and/or supervised the aforesaid POLICE OFFICER J. PARRELLO, and said carelessness and negligence resulted in the arrest, imprisonment, and prosecution of the Plaintiff.

31.   That as a result of the foregoing, Plaintiff seeks compensatory and punitive damages in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION

32.   Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "31" of the complaint with the same force and effect as though fully set forth herein.

33.   That Defendants violated Plaintiffs civil rights, due process rights, and rights of equal protection by summarily and without cause rejecting and refusing to investigate or accept Plaintiff's complaints of harassment, contempt, and stalking against Plaintiff's ex-wife Defendant DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI , which were made to Defendants on October 21, 2006 and October 22, 2006.

34.   That on October 27, 2007 HARRISON POLICE OFFICER J. PARRELLO and others, without any legal basis, and under the color of his authority as a police officer, mocked Plaintiff and refused to listen to Plaintiff , refused to investigate the criminal complaint made by Defendant DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI against Plaintiff and refused to listen to or investigate Plaintiff's complaints against Defendant DEBORAH RHEINGOLD, a/k/A DEBORAH GIERSZEWSKI despite Plaintiff's pleas to investigate the allegations against him.

35.   That upon information and belief, said Defendant actions of Defendants were a

product of discrimination against the Plaintiff based upon the fact that he was a male.

36. That the complaints of Defendant DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI were accepted by Defendants and Plaintiff was arrested, imprisoned and prosecuted and the complaints made by Plaintiff were summarily rejected and not investigated solely because Plaintiff is a male.

37. That on a regular basis, Defendants pursue complaints of domestic violence by females and reject and refuse to investigate similar complaints made by males

38. That the acts of HARRISON POLICE OFFICER J. PARRELLO, acting under the color of law and authority as a police officer of the TOWN/VILLAGE OF HARRISON as herein above set forth and the actions and inactions of all Defendants, deprived this Plaintiff of the privileges and immunities guaranteed to Plaintiff as a citizen of the United States by Amendments IV, V, VII and Section I of Amendment XIV of the Constitution of the United States, and equal protection under the law, all to Plaintiff's damage in a sum which is in excess of the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

39. That by reason of the foregoing seeks to recover his legals expended in prosecuting this action.

## AS AND FOR A FIFTH CAUSE OF ACTION

40. Plaintiff repeats, reiterates and reallges each and every allegation contained in Paragraphs "1" through "39" with the same force and effect as though fully set forth herein.

41. That on or about the 3rd day of November, 2006, before a Judge of the County of Westchester, Town Court of Harrison, the Plaintiff was falsely and maliciously, and without probable cause or provocation, charged with the crime and/or criminal offense of contempt in the second degree.

42. That as a result thereof, the Plaintiff suffered: Plaintiff's health was impaired; Plaintiff suffered great mental distress; his reputation and character were injured; Plaintiff was embarrassed in front of members of the community, Plaintiff was caused to retain counsel to defend him against the malicious, false allegations made against him; Plaintiff was caused to appear in Court on at least eight (8) occasions, was separated from his wife and was otherwise injured.

43.    That on or about the 3rd day of August, 2007, the aforesaid criminal charges against the Plaintiff were dismissed.

44. That the actions of the Defendants was intentionally willful, reckless, malicious and wanton in pursuing prosecution of Plaintiff and in failing to seek dismissal of the criminal complaint filed against the Plaintiff.

45.    That as a result of the foregoing, Plaintiff seeks compensatory and punitive damages in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

46.    That by reason of the following, Plaintiff seeks compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS from the individual Defendants HARRISON POLICE OFFICER, J. PARRELLO and DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI.

**WHEREFORE,** Plaintiff demands judgment against all Defendants on all causes of action in the complaint for compensatory and punitive damages in an amount to be determined upon the trial of this action, against the municipal and government Defendants, and judgment against the individual Defendants HARRISON POLICE OFFICER, J. PARRELLO and DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI. for compensatory damages in the

amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and for punitive damages

in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with costs,

disbursements, interest and attorneys fees.

Dated: Brooklyn, NY
      October 25, 2007

                             Yours, etc.

                             STEVEN C. BERNSTEIN
                             **BERNSTEIN & JAFFE, ESQS.**
                             Attorney for Plaintiff
                             189 Montague Street, Suite 303
                             Brooklyn, NY 11201
                             (718) 875-7900

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** — certify that the within

has been compared by me with the original and found to be a true and complete copy.

☒ **Attorney's Affirmation** — state that I am   the

the attorney(s) of record for   the Plaintiff   in the within

action; I have read the foregoing   Verified Complaint   and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by   Plaintiff is because Plaintiff does not reside in a County where your affirmant maintains an office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

File maintained by my office

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated: October 25, 2007

STATE OF NEW YORK, COUNTY OF                    ss.:

STEVEN C. BERNSTEIN, ESQ.

I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification** — in the action; I have read the foregoing

and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** — the                    of

a                    corporation and a party in the within action; I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                    ss.:   (If more than one box is checked—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On

☐ **Service By Mail** — I served the within by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** — by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means** — by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** — by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

Sworn to before me on

The name signed must be printed beneath

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ALAN RHEINGOLD,

Plaintiff,

— against —

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER, J. PARRELLO,
TOWN/VILLAGE OF HARRISON, DEBORAH
RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

Defendant.

SUMMONS AND
VERIFIED COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath    STEVEN C. BERNSTEIN

*Attorneys for* Plaintiff

BERNSTEIN & JAFFE

*Office and Post Office Address, Telephone*
189 Montague Street
Suite 303
BROOKLYN, NY 11201
(718) 875-7900

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

To

Attorney(s) for

---

PLEASE take notice that the within is a (*certified*)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

BERNSTEIN & JAFFE

*Attorneys for*
*Office and Post Office Address*
189 Montague Street
Suite 303
BROOKLYN, NY 11201

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on

at

Dated,                M.

Yours, etc.

BERNSTEIN & JAFFE

*Attorneys for*
*Office and Post Office Address*
189 Montague Street
Suite 303
BROOKLYN, NY 11201

To

Attorney(s) for



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------x
ALAN RHEINGOLD,

                Plaintiff,                    Index No.:22309/07

        -against-               **VERIFIED ANSWER WITH**
                                    **AFFIRMATIVE DEFENSES**

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER J. PARRELLO,
TOWN/VILLAGE OF HARRISON,
DEBORAH RHEINGOLD,a/k/a
DEBORAH GIERSZEWSKI
                Defendants,

---------------------------------------------------------x

      Defendants, HARRISON TOWN POLICE DEPARTMENT, HARRISON

POLICE OFFICER J. PARRELLO,TOWN/VILLAGE OF HARRISON,

by and through its attorneys, FRIEDMAN, HARFENIST, LANGER & KRAUT, hereby

responds to the Verified Complaint as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.    Denies knowledge and information sufficient to form a belief as to the

allegation contained in paragraph 1 of the Verified Complaint.

    2.    Denies each and every allegation contained in paragraph 2 of the Verified

Complaint.

    3.    Admits to the allegation contained in Paragraph 3 of the Verified Complaint.

    4.    Admits to the allegation contained in Paragraph 4 of the Verified Complaint.

    5.    Denies knowledge and information sufficient to form a belief as to the

allegation contained in paragraph 5 of the Verified Complaint.

    6.    Denies knowledge and information sufficient to form a belief as to the

allegation contained in paragraph 6 of the Verified Complaint.

      7.     Denies knowledge and information sufficient to form a belief as to the allegation contained in paragraph 7 of the Verified Complaint.

      8.     Deny, except admit that the Family Court, Westchester County issued an Order on or about October 19, 2006 modifying Plaintiff's preventing time with his two children Zhoe Reingold and Sydney Rhiengold, from alternate weeks to weekdays after school until 8:30 p.m. but denies knowledge and information sufficient to form a belief as to the allegation of misrepresentation made by the defendant Deborah Rheingold a/k/a Deborah Gierszewski contained in paragraph 8 of the Verified Complaint.

      9.     Denies each and every allegation contained in the complaint, but leaves all questions of law to the Court.

      10.     Denies information based upon a false and frivolous complaint and misrepresentations made by Deborah Rheingold a/k/a Deborah Gierszewski but admits plaintiff was arrested and charged with criminal contempt in the second degree based on an allegation that Plaintiff did violate Westchester County Family Court, Docket No. 0-13842/06 which states that the above plaintiff must return the children by 8:30 p.m. at the end of each visit, when he returned them at 8:50 p.m. contained in paragraph 10 of the Verified Complaint.

      11.     Denies knowledge and information sufficient to form a belief as to the allegation contained in paragraph 11 of the Verified Complaint.

      12.     Denies each and every allegation contained in paragraph 12 of the Verified Complaint.

13.    Denies each and every allegation contained in paragraph 13 of the Verified Complaint.

14.    Denies each and every allegation contained in paragraph 14 of the Verified Complaint.

15.    Denies each and every allegation contained in paragraph 15 of the Verified Complaint.

16.    Denies each and every allegation contained in paragraph 16 of the Verified Complaint.

17.    Denies each and every allegation contained in paragraph 17 of the Verified Complaint but leaves all questions of law to the Court.

18.    Denies each and every allegation contained in paragraph 18 of the Verified Complaint but leaves all questions of law to the Court.

19.    Denies each and every allegation contained in paragraph 19 of the Verified Complaint but leaves all questions of law to the Court.

20.    Denies each and every allegation contained in paragraph 20 of the Verified Complaint but leaves all questions of law to the Court.

21.    Denies each and every allegation contained in paragraph 21 of the Verified Complaint.

22.    Denies each and every allegation contained in paragraph 22 of the Verified Complaint but leaves all questions of law to the Court.

23.    Denies each and every allegation contained in paragraph 23 of the Verified Complaint but leaves all questions of law to the Court.

## AS AND FOR A SECOND CAUSE OF ACTION

24.    Defendant, repeats, reiterates and realleges each and every denial heretofore stated with the same force and effect as if same were fully set forth at length herein.

25.    Denies each and every allegation contained in paragraph 25 of the Verified Complaint.

26.    Denies each and every allegation contained in paragraph 26 of the Verified Complaint.

27.    Denies each and every allegation contained in paragraph 27 of the Verified Complaint but leaves all questions of law to the Court.

28.    Denies each and every allegation contained in paragraph 28 of the Verified Complaint but leaves all questions of law to the Court.

## AS AND FOR A THIRD CAUSE OF ACTION

29.    Defendant, repeats, reiterates and realleges each and every denial heretofore stated with the same force and effect as if same were fully set forth at length herein.

30.    Denies each and every allegation contained in paragraph 30 of the Verified Complaint.

31.    Denies each and every allegation contained in paragraph 31 of the Verified Complaint but leaves all questions of law to the Court.

4

## AS AND FOR A FOURTH CAUSE OF ACTION

32.     Defendant, repeats, reiterates and realleges each and every denial heretofore stated with the same force and effect as if same were fully set forth at length herein.

33.     Denies each and every allegation contained in paragraph 33 of the Verified Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Verified Complaint.

35.     Denies each and every allegation contained in paragraph 35 of the Verified Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Verified Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Verified Complaint.

38.     Deny except admits to the allegation that the acts of Harrison Police Officer J. Parrello acting under the color of law and authority as a police officer of the Town/Village of Harrison all relevant times set forth in Plaintiff's Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Verified Complaint but leaves all questions of law to the Court.

## AS AND FOR A FIFTH CAUSE OF ACTION

40.     Defendant, repeats, reiterates and realleges each and every denial heretofore stated with the same force and effect as if same were fully set forth at length herein.

41.     Denies each and every allegation contained in paragraph 41 of the Verified Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Verified Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Verified Complaint but leaves all questions of law to the Court.

44.     Denies each and every allegation contained in paragraph 44 of the Verified Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Verified Complaint but leaves all questions of law to the Court.

46.     Denies each and every allegation contained in paragraph 46 of the Verified Complaint but leaves all questions of law to the Court.

### AS AND FOR THE DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

The Harrison Police Department is not an independent municipal entity and therefore not a proper Defendant.

### AS AND FOR THE DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

The actions taken by the Defendants were made in good faith, without malice and in conformity with any and all applicable laws.

6

## AS AND FOR THE DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

The actions complained of were in full accord with applicable State and Federal law.

## AS AND FOR THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

Plaintiff's constitutional and statutory rights have not been violated by the named defendant herein.

## AS AND FOR THE DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

That all arrests, investigations and prosecutions were based on probable cause or were otherwise reasonable and justified as defined in the Penal Law and the Criminal Procedure Law.

## AS AND FOR THE DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

The Defendants' actions are protected by the doctrine of qualified immunity.

## AS AND FOR THE DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

That all or part of the Plaintiff's suit is barred by the Plaintiff's failure to properly comply with §50-e and 50-i of the General Municipal Law.

## AS AND FOR THE DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a cause of action upon which relief may be granted

## AS AND FOR THE DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to properly allege a municipal, policy, practice or procedure under *Monell v. Dep't of Social Serv.*, sufficient to maintain a cause of action against the municipal defendants and those sued in their official capacity.

7

## AS AND FOR THE DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

The Plaintiff may not obtain punitive damages against a municipality.

## AS AND FOR THE DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff fails to set forth sufficient facts for any claim sounding in Negligence

## AS AND FOR THE DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with the Statute of Limitations.

## AS AND FOR THE DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

The doctrine of Respondent Superior is inapplicable in actions surrounding in Title 42 Section 1983.

**WHEREFORE**, the Defendants demands judgment dismissing plaintiffs' complaint in its entirety along with the costs and disbursements of this action.

Dated: Lake Success, New York

December 27, 2007

FRIEDMAN, HARFENIST, LANGER & KRAUT

By: _____

Charles H. Horn
Attorneys for Defendants
3000 Marcus Avenue Suite 2E1
Lake Success, New York 11042
(516) 775-5800

8

ATTORNEY VERIFICATION

Charles H. Horn, an attorney duly admitted to the practice of law in the Courts of the State of New York affirms the following to be true under the penalties of perjury:

I am the attorney for the Defendants, Harrison Town Police Department, Harrison Police Officer J. Parrello, and Town/Village of Harrison in the within action and I have read the foregoing Verified Answer with Affirmative Defenses and know the contents thereof and the same is true to the knowledge of the affirmant, except as to the matters stated to be alleged upon information and belief and as to those matters I believe it to be true.

Affirmant further states that the reason why the plaintiff does not make this verification is that said defendants, upon information and belief, resides in a County other than where affirmant has his office. That the grounds of affirmant's belief as to all matters not therein stated to be alleged upon his knowledge are investigations and information received by affirmant in the course of his duties as an attorney for said defendants.

DATED:     Lake Success, New York
           December 27, 2007

Charles H. Horn

STATE OF NEW YORK    )
                                          )ss.:
COUNTY OF NASSAU    )

ROSEMARY HOGAN, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Queens, New York.

On December 27, 2007, deponent served the within

VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES

upon the following person(s) herein at the following address(s), by depositing true copies of same enclosed in properly addressed, post-paid wrapper(s), by regular mail in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

ROSEMARY HOGAN

To: Steven Bernstein, Esq.
Bernstein & Jaffe
189 Montague Street, suite 303
Brooklyn, NY 11201

Sworn to before me this
27th day of December, 2007

NOTARY PUBLIC

GAYLE LANDY BENSON
Notary Public, State of New York
No. 01BE5075651
Qualified in Nassau County
Commission Expires April 7, 2011



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------X
ALAN RHEINGOLD

                              Plaintiff,            **VERIFIED ANSWER**

        -against-                                   Index No. 22309/07

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER, J. PARRELLO,
TOWN/VILLAGE OF HARRISON, DEBORAH
RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

                              Defendants.
---------------------------------------------------------X

        Defendant, DEBORAH GIERSZEWSKI, by her attorney, URSULA A. GANGEMI,

PLLC., by Ursula A. Gangemi, Esq., hereby interposes the following Answer to the Plaintiff's

Verified Complaint:

    1. Denies knowledge sufficient to form a belief as to those allegations in paragraph 1.

    2. Denies knowledge sufficient to form a belief as to those allegations in paragraph 2.

    3. Denies knowledge sufficient to form a belief as to those allegations in paragraph 3.

    4. Denies knowledge sufficient to form a belief as to those allegations in paragraph 4.

    5. Admit those allegations in paragraph 5.

    6. Denies those allegations in paragraph 6.

    7. Denies the allegations contained in paragraph 7.

    8. Denies the allegations contained in paragraph 8.

    9. Denies those allegations in paragraph 9.

    10. Denies those allegations in paragraph 10.

11. Denies those allegation contained in paragraph 11.

12. Denies those allegations in paragraph 12.

13. Denies those allegations in paragraph 13.

14 . Denies those allegations in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies knowledge sufficient to form a belief as to those allegations in paragraph 17.

18. Denies knowledge sufficient to form a belief as to those allegations in paragraph 18.

19. Denies knowledge sufficient to form a belief as to those allegations in paragraph 19.

20. Denies knowledge sufficient to form a belief as to those allegations in paragraph 20.

21.  Denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Repeats and reasserts each and every response contained in paragraphs "1" through

"23" as though fully set forth herein.

25. Denies the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26.

27. Denies those allegations in paragraph 27.

28. Denies those allegations in paragraph 28.

29.  Repeats and reasserts each and every response contained in paragraphs "1" through

"28" as though fully set forth herein.

Denies knowledge sufficient to form a belief as to those allegations in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

32. Repeats and reasserts each and every response contained in paragraphs "1" through

"31" as though fully set forth herein.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Repeats and reasserts each and every response contained in paragraphs "1" through

"39" as though fully set forth herein.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43.

44. Denies those allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for which relief can be granted against this

answering Defendant.

-3-

WHEREFORE, Defendant demands judgment dismissing the complaint herein, together

with the costs and disbursements in this action.

Dated: Brooklyn, New York
        December 10 2005

URSULA A. GANGEMI, PLLC.
By Ursula A. Gangemi, Esq
Attorney for Defendant Deborah Gierszewski
7820 3rd Avenue
Brooklyn, N.Y. 11209
(718) 238-8855

# VERIFICATION

STATE OF NEW YORK}

                   ss:

COUNTY OF KINGS     }

       DEBORAH GIERSZEWSKI, being duly sworn, deposes and says that:

       I am a Defendant in the within action and I have read the foregoing Answer and know the contents thereof.  The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Subscribed and Sworn to
before me on December 11, 2007

_____
NOTARY PUBLIC

                                        _____
                                        DEBORAH GIERSZEWSKI

THERESA A. TORTORICI
NOTARY PUBLIC STATE OF NEW YORK
NO. 01TO6053470
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JANUARY 6, 20 11

-5-

## AFFIRMATION OF SERVICE

STATE OF NEW YORK, COUNTY OF KINGS   ss:

URSULA A. GANGEMI, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalty of perjury:

That on December 11, 2007, deponent served the within Verified Answer upon Steven Bernstein, Esq. Attorney for Plaintiff in this action, at the address designated by said attorney for that purpose, 189 Montague Street, Suite 303, Brooklyn, NY 11201 , by depositing a true copy of same, enclosed in a post-paid, properly addressed wrapper, in a post-office/official depository under the exclusive care and custody of the Untied Stated Postal Service within the State of New York.

Dated: December 11, 2007
       Brooklyn, N.Y.

URSULA A. GANGEMI



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ALAN RHEINGOLD,

                        Plaintiff,

        -against-

HARRISON TOWN POLICE DEPARTMENT,
HARRISON POLICE OFFICER, J. PARRELLO,
TOWN/VILLAGE OF HARRISON,
DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

                        Defendants.

------------------------------------------------------------X

## DEFENDANTS' NOTICE OF REMOVAL

        Pursuant to 28 U.S.C. 1441 *et. seq.* and Local Rule 81.1(b), defendants, THE

TOWN OF HARRISON and TOWN OF HARRISON POLICE DEPARTMENT,

POLICE OFFICER J. PARRELLO ("Harrison Defendants") hereby give notice of the

removal of a civil action entitled:

------------------------------------------------------------X
                ALAN RHEINGOLD,
                Plaintiff,
                        -against-

                HARRISON TOWN POLICE DEPARTMENT,
                HARRISON POLICE OFFICER, J. PARRELLO,
                TOWN/VILLAGE OF HARRISON,
                DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,
                Defendants.
------------------------------------------------------------X

from the Supreme Court of the State of New York, County of Westchester, Index No.22309/07 to the United States District Court for the Southern District of New York.

The grounds for removal are that the instant matter raises questions of Federal Law. As alleged in the Summons with Notice filed in Supreme Court of the State of New York, County of Westchester, the plaintiff has asserted that the Harrison defendants have violated his civil rights. Specifically, the Plaintiff has alleged that the nature of his action involves claims for false arrest and detainment, malicious prosecution, violation of civil rights, violations of his equal protection and due process rights of the Plaintiff caused by the Town of Harrison, its servants and/or employees and by the actions of the Town of Harrison Police Department. Plaintiff cites that he has been deprived of his privileges and immunities guaranteed to him as a "citizen of the United States by Amendments IV, V, VII and Section I of the Amendment XIV of the Constitution of the United States."   As jurisdiction for violations of rights guaranteed under the Constitution lies in the Federal Court for claims alleging violations of Civil Rights, removal is proper.

The removal of the action from State Court is timely. The Town Attorney's Office was served with the Summons and Complaint on December 7, 2007. (see Exhibit "A").  On December 11, 2007 defendant DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI filed her answer and thereafter, on December 27, 2007, the Defendants HARRISON TOWN POLICE DEPARTMENT, HARRISON POLICE

OFFICER, J. PARRELLO, TOWN/VILLAGE OF HARRISON served there answer.

The instant notice of removal is being made within 30 days of receipt of the pleadings.

No jury demand was made in the State Court prior to removal.

This petition is done with the full consent of all defendants. (see Exhibit "B")

A copy of the Summons and Complaint, the defendants HARRISON TOWN

POLICE DEPARTMENT, HARRISON POLICE OFFICER, J. PARRELLO,

TOWN/VILLAGE OF HARRISON answer (see Exhibit "C") and defendant

DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI'S answer (see

Exhibit "D") are appended to this Notice of Removal.

Pursuant to Local Rule 81.1(b), within twenty days after the service of this

Notice of Removal the defendants will file a copy of all records and proceedings of the

State Court with the clerk of this Court.

Dated:    Lake Success, New York
          January 3, 2008

FRIEDMAN, HARFENIST, LANGER & KRAUT
Attorneys for Harrison Town Police Department,
Harrison Police Officer J. Parrello, Town/Village of
Harrison, Defendants
3000 Marcus Avenue
Suite 2E1
Lake Success, New York 11042
516-775-5800

By: _____
        Charles Horn

To:    Steven Bernstein, Esq.
       Attorney for the Plaintiff Alan Rheingold
       Bernstein & Jaffe
       189 Montague Street Ste. 303
       Brooklyn, New York 11201

       Ursula A. Gangemi
       Attorney for Defendant Deborah Rheingold
       7820 Third Avenue
       Brooklyn, New York 11209

Bernstein & Jaffe
189 Montague Street Ste. 303
Brooklyn, New York 11201

Ursula A. Gangemi
Attorney for Defendant Deborah Rheingold
7820 Third Avenue
Brooklyn, New York 11209

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NASSAU     )

Loren Basso, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Queens, New York.

On February 21, 2008, deponent served the within

**NOTICE OF MOTION**
**&**
**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS**

upon the following person(s) herein by depositing true copies of same enclosed in properly addressed, post-paid wrapper(s), by overnight mail requested under the exclusive care and custody of FED EX.

_Loren Basso_
Loren Basso

To: Steven Bernstein, Esq.
Bernstein & Jaffe
189 Montague Street, suite 303
Brooklyn, NY 11201

&

Ursula A. Gangemi
Attorney for Defendant Deborah Rheingold
7820 Third Avenue
Brooklyn, New York 11209

Sworn to before me this
21st day of February, 2008

_Nirvana S. Mohamed_
NOTARY PUBLIC

NIRVANA SINGH MOHAMED
Notary Public, State of New York
No. 01SI6180168
Qualified in Queens County
Commission Expires Jan. 3, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALAN RHEINGOLD,

                    Plaintiff,                    08 CV 0084 (WCC)

        -against-

HARRISON TOWN POLICE
DEPARTMENT, HARRISON POLICE
OFFICER, J. PARRELLO,
TOWN/VILLAGE OF HARRISON,
DEBORAH RHEINGOLD, a/k/a
DEBORAH GIERSZEWSKI,

                    Defendants,
--------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS


**FRIEDMAN, HARFENIST, LANGER & KRAUT**
2975 Westchester Avenue, Suite 415
Purchase, New York   10577
(914) 701-0800

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..........................................................................i,ii

PRELIMINARY STATEMENT ....................................................... 1

STATEMENT OF FACTS............................................................. 2

PROCEDURAL HISTORY ........................................................... 3

ARGUMENT.............................................................................. 3

POINT I

THE RULE 12 (C) STANDARD..................................................... 3

POINT II

THE HARRISON POLICE DEPARTMENT IS NOT
SUBJECT TO SUIT UNDER 42 U.S.C. § 1983 ............................... 4

POINT III

PLAINTIFFS' § 1983 AND NEW YORK STATE CLAIMS
FOR FALSE ARREST SHOULD BE DISMISSED AS
AGAINST DEFEDANT PARELLO BECAUSE PARRELLO
HAD PROBABLE CAUSE FOR THE LAWFUL ARREST
OF PLAINTIFF ......................................................................... 5

POINT IV

DEFENDANT PARRELLO IS ENTITLED TO QUALIFIED
IMMUNITY SHIELDING HIM AGAINST LIABILITY AS TO
ANY OF PLAINTIFF'S § 1983 CLAIMS ........................................ 9

POINT V

PLAINTIFFS' NEW YORK STATE COMMON LAW AND § 1983
CLAIMS FOR MALICIOUS PROSECUTION SHOULD BE
DISMISSED ..................................................................................................12

    A. Plaintiff has failed to allege a favorable determination
    B. Parello had probable cause to arrest Rheingold

POINT VI

PLAINTIFFS' MUNICIPAL CLAIMS AGAINST THE TOWN/
VILLAGE OF HARRISON SHOULD BE DISMISSED FOR A
FAILURE TO SUFFICIENTLY SET FORTH ANY SHOWING
CUSTOM OR POLICY FOR RESULTING IN THE
CONSTITUTIONAL VIOLATION ...............................................................13

POINT VII

PLAINTIFFS' CLAIMS SOUNDING IN NEGLIGENCE MUST
BE DISMISSED AS A MATTER OF LAW ...................................................14

CONCLUSION ..............................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Albright v. Oliver, 510 U.S. 266, 271 (1994)* ........................................................ 5
*Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039-40,*
  *97 L.Ed.2d 523 (1987)* ........................................................................................ 10
*Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)* ................................................ 5
*Baker v. Willett, No. 97 Civ. 1184, 1999 WL 137732 at 4 (N.D.N.Y. 1992);* ....... 4
*Begala v. PNC Bank, N.A., 214 F.3d 776, 779 (6th Cir. 2000)* ............................ 4
*Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)* ............................ 6,7, 15
*Boose v. City of Rochester, 421 N.Y.S.2d 740, 744 (App.Div. 4th Dep't 1979)* ...... 14
*Broughton v. State, 373 N.Y.S.2d 87, 93, 37 N.Y.2d 451, 335 N.E.2d 310 (1975).* ...... 6
*Canton v. Harris, 489 U.S. 378, 388 (1989).* ....................................................... 15
*Chance v. Armstrong, 143 F.2d 698,701 (2d. Cir. 1998).* ....................................... 4
*Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).* .......................... 3
*Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992).* .............................. 14
*Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99 (1957)* .......................................... 4
*Conway v. Village of Mount Kisco, 750 F.2d 205 (2d Cir. 1984)* ........................ 12
*Cotz v. Mastroeni 476 F.Supp.2d 332 (S.D.N.Y. 2007)* ....................................... 13
*Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138*
  *(S.D.N.Y. 1999).* ................................................................................................... 4
*Dukes v. City of New York, 879 F. Supp. 335, 340 (S.D.N.Y. 1995).* .................... 6
*Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir.1992).* ............................. 13
*East Coast Novelty Co. v. City of New York, 781 F. Supp. 999, 1010*
  *(S.D.N.Y. 1992);* ................................................................................................... 4
*Golino v. City of New Haven, 950 F.2d. 864, 870 (2nd Cir. 1991)* ...................... 10
*Graham v. Connor, 490 U.S. 386, 394 (1989)* ...................................................... 6
*Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738,*
  *73 L.Ed.2d 396 (1982)* .......................................................................................... 9
*Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992);* ............................................... 6
*Kracht v. Town of Newburgh, 245 A.D. 2d 424, 666 N.Y.S. 2d 197*
  *(2nd Dept. 1997);* .................................................................................................. 8
*Krause v. Bennet, 887 F.2d 362, 372 (2d Cir 1989).* ............................................. 9
*Lee v. Sandberg, 136 F.3d 94,103 (2nd Cir. 1997)* ................................................ 8
*Lennon v. Miller, 66 F.3d 416,421 (2nd Cir. 1995)* .............................................. 11
*Loria v. Town of Irondequoit, 775 F. Supp. 599 (W.D.N.Y. 1990).* ...................... 4
*Lowth v. Town of Cheektowaga, 82 F.3d. 563, 569 (2nd Cir. 1996)* ................... 10
*Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d (1986),* ...... 11
*Manning v. County of Westchester, 93 Civ. 3366, 1995 WL 12579*
  *at 2 (S.D.N.Y. 1995)* ............................................................................................. 5
*Miloslavsky v. AES Eng'g Soc'y, 808 F.Supp 351, 355 (S.D.N.Y. 1992)* ............. 7
*Monell v. City of New York.* ................................................................................... 2
*Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978).* ..................... 13

i

*O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir. 1996)* ............................................. 12

*O'Neil v. Town of Babylon, 986 F.2d. 646 (2nd Cir. 1993)* ............................................. 10

*Orraca v. City of New York, 897 F. Supp. 148, 152 (S.N.D.Y. 1995)* ................................. 4

*Posr v. Doherty, 944 F.2d 91 (2d Cir. 1991)* ...................................................................... 6

*Ricciuti v. New York City Transit Authority, 124 F.3d 123, 128  (2d Cir. 1997)* .......... 7,10

*Rodriguez v. Phillips, 66 F.3d 470 (2nd Cir. 1995)* ............................................................. 9

*Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)* ..................................... 6

*Townes v. City of New York, 176. F.3d 138, 144 (2d. Cir. 1999),*
  *cert. denied, 528 U.S. 964, 120 S.Ct. 398, 145 L.Ed.2d. 311 (1999)* ............................ 10

*Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)* .............................................................. 6

*Williams v. City of New York, 208 A.D. 2d 919, 617 N.Y.S. 2d 867*
  *(2nd Dept. 1994);* ............................................................................................................ 8

*Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)* ............................ 5

*Yonkers Com'n onHuman Rights v. City of Yonkers, 659 F. Supp. 544, 551*
  *(S.D.N.Y. 1987).* ............................................................................................................... 4

## Statutes

*42 U.S.C. § 1983* ..................................................................................................................... 5

*FED. R. CIV. P. 12(b)(6)* ......................................................................................................... 3

*FED. R. CIV. P. 17 (b);* ............................................................................................................ 4

*N. Y. TOWN § 150.* .................................................................................................................. 5

## PRELIMINARY STATEMENT

The instant matter is before the Court on the defendants' motion to dismiss the plaintiff's complaint for failure to state a claim, pursuant to FRCP 12 (c). Alan Rheingold's ("Rheingold") complaint alleges violations of Rheingold's civil rights, under the Constitution of the United States for false arrest and malicious prosecution, and New York State common law claims for: 1) malicious prosecution; 2) false arrest.

Initially, all of the causes of action contained in Rheingold's Complaint must be dismissed against the Police Department for the Town/Village of Harrison ("Police Department") because departments of municipalities are not subject to suit.

Secondly, Rheingold's federal and state claims for false arrest fail as there was probable cause as a matter of law to effectuate his arrest for contempt of a court order. Furthermore, defendant Parrello is entitled to qualified immunity because of the probable cause that existed at the time of arrest.

Rheingold's New York common law causes of action for malicious prosecution and false arrest fail as to defendant, Harrison Police Officer J. Parrello ("Parrello") since: a) Plaintiff has failed to allege a favorable determination; and b) Parrello had probable cause to effectuate Rheingold's arrest and/or is entitled to qualified immunity. To the extent that Rheingold's § 1983 false arrest and malicious prosecution claims are dismissed against the individual defendants, Rheingold's New York State law claims for false arrest and malicious prosecution must likewise be dismissed since they are governed by the same standard.

Rheingold's Constitutional claims against the Town/Village of Harrison, and all of the defendants in their official capacities, must be dismissed since plaintiff fails to

1

allege any rule, regulation, pattern or practice sufficient to sustain a violation under *Monell v. City of New York.*

Rheingold's remaining claims sounding in negligence fail as a matter of law since the facts alleged in the Complaint do not viable claim under New York State Law as there exists other causes of action to provide Rheingold a remedy thereby making them insufficient as a matter of law.

## STATEMENT OF FACTS

### The Rheingold Complaint

The following are the facts as alleged in the Complaint. (see Exhibit "A".) [1]

As of October 25, 2007, Rheingold and his ex-wife Deborah Rheingold, a/k/a Deborah Gierszewski ("Gierszewski"), were residents of the County of Westchester. (comp. ¶s 1, 2, 7).    The plaintiff alleges that Rheingold and Gierszewski have been parties to custody proceedings for many years as of October 25, 2007. (comp. ¶s 3)

On or about October 19, 2006, the Family Court in Westchester County issued an ex-parte order modifying Plaintiff's parenting time with his two children, Zoe Rheingold and Sydney Rheingold. (comp. ¶ 8). One of the provisions of the subject Westchester County Family Court Order, Docket No. O-13842.06, is that the plaintiff "must return his children by 8:30 P.M. at the end of each visit." (comp. ¶ 11).

On or about October 27, 2006, based on a criminal complaint from defendant Gierszewski, plaintiff was arrested by Parrello for violating the Westchester Family Court Custody Order. Specifically, plaintiff was arrested because he did not return his children Zoe and Sydney to the mother Gierszewski until 8:50 P.M. (comp. ¶ 10).

---

[1] All references to exhibits are to those exhibits annexed to the Declaration of Charles H. Horn dated February 15, 2008.

2

As a result of Gierszewski's criminal complaint, Rheingold was prosecuted for criminal contempt of a court order. (comp. ¶ 15). Rheingold "was caused to appear in Harrison Town Court on eight (8) occasions to clear himself." (comp. ¶ 16)

## PROCEDURAL HISTORY

The plaintiff filed his complaint in Westchester Supreme Court on October 26, 2007 and later served the Town of Harrison on December 7, 2007. The defendants, Town of Harrison and Harrison Police Officer Parrello ("Harrison defendants") served an answer to plaintiff's action on December 27, 2007. (see Exhibit "B"). Defendant Deborah Gierszewski served her answer upon plaintiff on December 11, 2008. (see Exhibit "C").

On January 4, 2008 the Harrison Defendants filed and served a Notice of Removal of the action to the United States District Court Southern District of New York. (see Exhibit "D"). After Removal the Harrison Defendants made all the appropriate filings in state court pursuant to Local Rule 81.1(b).

## ARGUMENT

### POINT I

### THE RULE 12(c) STANDARD

A motion for judgment on the pleadings is generally treated in the same manner as a FRCP 12(b)(6) motion to dismiss. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). Under Rule 12(b)(6), a party may move to dismiss an action if the complaint fails to state a claim upon which relief can be granted. A court should dismiss a suit under *FRCP 12(b)(6)* if "it appears beyond doubt that the plaintiff can prove no set

3

of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99 (1957)*. A court will only look at the allegations of the complaint and any documents attached to it or incorporated by reference. *Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (S.D.N.Y. 1999)*. The Second Circuit has noted "this rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong, 143 F.2d 698,701 (2d. Cir. 1998)*. To survive a motion under 12(b)(6) a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Begala v. PNC Bank, N.A., 214 F.3d 776, 779 (6th Cir. 2000)*. In the instant matter, Plaintiff's claims fail as a matter of law since the facts in the complaint evidence probable cause for the arrest.

## POINT II

### THE HARRISON POLICE DEPARTMENT
### IS NOT SUBJECT TO SUIT UNDER 42 U.S.C. § 1983

The Complaint should be dismissed in its entirety as against the defendant, Harrison Police Department since the Harrison Police Department is not a proper party defendant because it is merely an administrative arm of the Town of Harrison. Pursuant to Rule 17 (b) of the Federal Rules of Civil Procedure, New York law governs the capacity of a municipality to sue or be sued. *FED. R. CIV. P. 17 (b); see also Orraca v. City of New York, 897 F. Supp. 148, 152 (S.N.D.Y. 1995), Yonkers Com'n on Human Rights v. City of Yonkers, 659 F. Supp. 544, 551 (S.D.N.Y. 1987)*. Under New York law, the Harrison Police Department, which is an  administrative arms of the Town of Harrison does not have a legal identify separate and apart from the municipality and cannot sue or be sued. *See, Baker v. Willett, No. 97 Civ. 1184, 1999 WL 137732 at 4*

4

(N.D.N.Y. 1992); *East Coast Novelty Co. v. City of New York*, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992); *Loria v. Town of Irondequoit*, 775 F. Supp. 599 (W.D.N.Y. 1990). Indeed, the Harrison Police Department is a creation of the Harrison Town Board. *N. Y. TOWN § 150.* The courts have not hesitated to routinely dismiss claims against municipal police departments, such as the Harrison Police Department *See e.g., Manning v. County of Westchester*, 93 Civ. 3366, 1995 WL 12579 at 2 (S.D.N.Y. 1995) *(dismissing the Westchester Police Department as a named defendant where the County of Westchester was the real party in interest); Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)*(dismissing the claim against the New York City Police Department because the City of New York was the proper party in interest).*

Accordingly, the complaint must be dismissed as to the Harrison Police Department.

## POINT III

### PLAINTIFFS' §1983 AND NEW YORK STATE CLAIMS FOR FALSE ARREST SHOULD BE DISMISSED AS AGAINST DEFENDANT PARRELLO BECAUSE PARRELLO HAD PROBABLE CAUSE FOR THE LAWFUL ARREST OF PLAINTIFF

Although not specifically denominated, Plaintiff's claims for false arrest, false imprisonment, malicious prosecution, and denial of due process and equal protection in violation of the United States Constitution arise under 42 U.S.C. § 1983 ("§ 1983"). In particular, § 1983 "provides 'a method for vindication of federal rights elsewhere conferred.' "*Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). By its terms, § 1983 provides that an individual may seek damages against any person who, under color of state law, subjects such individual to the

5

deprivation of any rights, privileges, or immunities protected by the Constitution or laws of the United States. 42 U.S.C. § 1983. Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright, supra,* at 271 (citing Graham v. Connor, 490 U.S. 386, 394 (1989); and *Baker, supra,* at 140). Although Plaintiff has not alleged the sources of the specific constitutional rights violated, a fair reading of the Complaint establishes that Plaintiff's false arrest and false imprisonment claims arise under the Fourth Amendment, while the claims for malicious prosecution, denial of due process and equal protection arise under the Fourteenth Amendment.

Plaintiff has asserted claims under both Federal and New York State law for false arrest against the defendant, Parrello. The Second Circuit has held that a false arrest claim arising under §1983 is "substantially the same" as a false arrest claim arising under State law. *See, Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992); Posr v. Doherty, 944 F.2d 91 (2d Cir. 1991); Dukes v. City of New York, 879 F. Supp. 335, 340 (S.D.N.Y. 1995).* To establish a claim for false arrest under New York law, the plaintiff must show that "'(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not other wise privileged.'" *Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) see also, Broughton v. State, 373 N.Y.S.2d 87, 93, 37 N.Y.2d 451, 335 N.E.2d 310 (1975).* In the case at bar, the allegations in the Complaint show that the actions of the defendant, Parello were privileged because he had probable cause to arrest the plaintiff. In *Weyant,* the Second Circuit held "[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under §1983." *Weyant, 101 F.3d at 853 (quoting Bernard v. United States, 25*

6

*F.3d 98, 102 (2d Cir. 1994).* The police have probable cause to arrest a person "when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant, 101 F.3d at 852; see also, Singer, 63 F.3d at 118-19.* Whether a police officer had probable cause to make an arrest is a question of what the officer knew at the time of the arrest and whether he or she was reasonable in relying on that knowledge. *See, Ricciuti v. New York City Transit Authority, 124 F.3d 123, 128 (2d Cir. 1997)(holding that the account of a complaining witness and the officer's personal observations were sufficient to establish probable cause).* Probable cause is not dependent on the ultimate accurateness and truthfulness of the knowledge relied upon by the arresting officer. *See, Bernard,* 25 F.3d at 102; *Miloslavsky v. AES Eng'g Soc'y, 808 F.Supp 351, 355 (S.D.N.Y. 1992), affd, 993 F.2d 1534 (2d Cir. 1993)(holding that it is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness).*

In the instant matter, a plain reading of the Complaint indicates that probable cause existed, as a matter of law, to arrest the plaintiff. Plaintiff's complaint states that the arrest was a direct result of a complaint filed by, his wife, Deborah Rheingold, that the plaintiff had violated an order issued by the Westchester County Family Court under, Docket No. O-13842/06 (the"order"). *Complaint ¶¶ .9,10, 15.* Further, plaintiff admits that his conduct was in violation of the Order. *Complaint ¶10.*

The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest,". *Bernard v. United States, 25 F.3d 98, 102 (2nd Cir.1994).* This is so whether the action is brought under state law or under § 1983.

7

*Broughton, 373 N.Y.S.2d at 95, 335 N.E.2d at 315 (under New York law, "[j]ustification may be established by showing that the arrest was based on probable cause"); Singer, 63 F.3d at 118 ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause.").* The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers. *Id. at 852. Singer, 63 F.3d at 118-19 (affirming summary dismissal of claim on the ground that the facts as to store owner's complaint of theft revealed existence of probable cause).*

It is now well settled under both New York and Federal law, that "information by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest. *Williams v. City of New York, 208 A.D. 2d 919, 617 N.Y.S. 2d 867 (2nd Dept. 1994); See also, Kracht v. Town of Newburgh, 245 A.D. 2d 424, 666 N.Y.S. 2d 197 (2nd Dept. 1997); Singer, 63 F.3d at 119.* In fact, an arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with a crime, has probable cause to effect an arrest. *Lee v. Sandberg, 136 F.3d 94,103 (2nd Cir. 1997).*

In *Ricciuti v. NYC Transit Authorityi*, the district court granted summary judgment to the defendant Lopez, a New York City Police Officer, after finding that probable cause existed as a matter of law. In that case, the police officer was presented with a complaining witness, an off-duty correction officer, with blood on his face and broken glasses in his hand, who informed the officer that Alfred Ricciuti had assaulted him. The Second Circuit confirmed that based on those facts the arresting officer had a reasonable basis for believing that there was probable cause to arrest. *Ricciuti, 124 F.3d Id.* at 128.

8

The Complaint shows that Parrello had probable cause to arrest the plaintiff. Deborah Rheingold called the police and complained that the plaintiff had violated a court order regarding custody. As set forth in the complaint:

> "Plaintiff was arrested by the other defendants and charged with criminal contempt in the second degree based on the allegation that the Plaintiff did violate Westchester County Family Court, Docket No. O013842/06, which states that the above Plaintiff must return his children by 8:30 P.M. at the end of each visit, when he returned them at 8:50 P.M."

The plaintiff admits and alleges that Parrello, in effectuating the arrest, relied upon a criminal complaint filed by his wife, where she states that the plaintiff violated the Order. "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Krause v. Bennet,* 887 F.2d 362, 372 (2d Cir. 1989). Therefore, any claims against Parrello premised upon the theory of false arrest must be dismissed. Accordingly, as the Plaintiff's complaint evidences probable cause on its face, the false arrest claims under both §1983 and New York State law must be dismissed.

## POINT IV

### DEFENDANT PARRELLO IS ENTITLED TO QUALIFIED IMMUNITY SHIELDING HIM AGAINST LIABLITY AS TO ANY OF PLAINTIFF'S §1983 CLAIMS

The doctrine of qualified immunity shields government officials from liability for damages on account of their performance of discretionary official functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rodriguez v. Phillips, 66 F.3d 470 (2nd*

9

*Cir. 1995).* It is well settled in the Second Circuit that qualified or good faith immunity shields a police officer from being subject to personal liability for damages. *Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).* A police officer is entitled to qualified immunity shielding him from a claim of damages for false arrest or malicious prosecution where 1) it was objectively reasonable for the officer to believe there was probable cause to make the arrest or 2) reasonably competent police officers could disagree as to whether there was probable cause to arrest. *Golino v. City of New Haven, 950 F.2d. 864, 870 (2nd Cir. 1991); Riciuti v. New York City Transit Authority, 124 F.3d. 123, 128 (2nd Cir. 1997).*

A police officer has probable cause to arrest when he is in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed a crime. *Id.; O'Neil v. Town of Babylon, 986 F.2d. 646 (2nd Cir. 1993).* In evaluating the issue of probable cause the Court must consider the facts that were available to the police officer at the time of the arrest. *Lowth v. Town of Cheektowaga, 82 F.3d. 563, 569 (2nd Cir. 1996).* Likewise, where probable cause exists that a crime has occurred a claim of malicious prosecution fails as a matter of law. *O'Brien v. Alexander, 101 F.3d. 1479, 1484 (2nd Cir. 1996).*

In delineating the elements of the qualified immunity analysis, the Second Circuit has explained that

> [I]n deciding whether a particular right was clearly established as of a
> particular time, we must determine (i) whether the right at issue was
> defined with reasonable clarity; (ii) whether the Supreme Court or the
> Second Circuit has affirmed the existence of the right; and (iii) whether
> reasonable police officers in the defendants' position would have
> understood from the existing law that their conduct was unlawful.

10

*Townes v. City of New York, 176. F.3d 138, 144 (2d. Cir. 1999), cert. denied, 528 U.S. 964, 120 S.Ct. 398, 145 L.Ed.2d. 311 (1999).* Assuming that a Plaintiff can establish that there was a constitutional right which was clearly established at the time of the incident, Parello is immunized for liability if it was objectively reasonable for him to believe, even if mistakenly, that his conduct did not violate such rights. See, *Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039-40, 97 L.Ed.2d 523 (1987).*

Parrello is entitled to qualified immunity if there was "arguable probable cause." In other words, even in the absence of probable cause, Parrello would still be entitled to qualified immunity so long as he reasonably believed that probable cause existed under the circumstances. If reasonable officers could disagree about the legality for the arrest and prosecution, then Parrello would be immune from suit under qualified immunity. *Lennon v. Miller, 66 F.3d 416,421 (2ⁿᵈ Cir. 1995).*

In this action, Parrello reasonably believed that probable cause existed to arrest the plaintiff for violating the order, which reasonable belief is substantiated by the factual allegations of the complaint. Deborah Rheingold made a complaint to P.O. Parrello based on the Westchester Family Court Order which P.O. Parrello was aware of at the time of the arrest. Additionally, the complaint itself acknowledges that the plaintiff's actions were in violation of the directives of the Court Order. It is clear from plaintiff's allegation that P.O. Parrello reasonably believed that there was probable cause to arrest plaintiff for the crime of Criminal Contempt of Court. Accordingly, P.O. Parrello should be granted qualified immunity regarding Alan Rheingold's §1983 claims.

As the Supreme Court held in *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d (1986), qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Plaintiff has failed to allege that

11

defendant Parrello falls within either category in fact plaintiff Admits that he violated the language of the governing Westchester Family Court Order. *Complaint* ¶10.

## POINT V

### PLAINTIFFS' NEW YORK STATE COMMON LAW AND §1983 CLAIMS FOR MALICIOUS PROSECUTION SHOULD BE DISMISSED

**A.    Plaintiff has failed to allege a favorable determination**

Under New York State law and *§1983* claims for malicious prosecution, in order to prevail, plaintiff must prove "the matter terminated in plaintiff's favor." *O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir. 1996).* The instant action plaintiff has failed to do so. The complaint simply claims that Rheingold "was caused to appear in Harrison Town Court on eight (8) occasions to clear himself." (comp. ¶ 16) As such plaintiff has failed to allege an essential element and failed to meet even the most basic requirements of notice pleading.

**B.    Parrello had Probable Cause to arrest Rheingold**

Since there was probable cause to commence a criminal prosecution against the plaintiff for Criminal Contempt, the plaintiff's New York State common law and *§1983* claims for malicious prosecution must be dismissed.  Similar to unlawful arrest, a malicious prosecution under *§1983* is governed by New York State law. *Conway v. Village of Mount Kisco, 750 F.2d 205 (2d Cir. 1984).* Under New York State law, in order to prevail on a malicious prosecution claim, plaintiff must prove: (1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding succeed, (3) the proceeding was begun with malice and (4) the matter terminated in plaintiff's favor. *See O'Brien , 101 F.3d 1479, 1484.* Thus, a finding of probable cause is a complete defense to a claim of malicious prosecution.

12

Probable cause existed to charge plaintiff with criminal contempt. For the reasons expounded in Point II above, there was probable cause to suspect that Alan Rheingold was in violation of the Order.    Accordingly, Alan Rheingold's malicious prosecution claims regarding this charge must be dismissed. It is completely inconsequential that the charges against Alan Rheingold were ultimately dismissed.

## POINT VI

### PLAINTIFFS' MUNICIPAL CLAIMS AGAINST THE TOWN/VILLAGE OF HARRISON SHOULD BE DISMISSED FOR A FAILURE TO SUFFICIENTLY SET FORTH ANY SHOWING CUSTOM OR POLICY FOR RESULTING IN THE CONSTITUTIONAL VIOLATION.

The only semblance of a municipal custom, policy, pattern or practice set forth in plaintiff's complaint is "(t)hat on a regular basis, Defendants pursue complaints of domestic violence by females and reject and refuse to investigate similar complaints made by males." *Complaint* ¶37. This allegation is utterly irrelevant to the underlying constitutional allegations herein. The plaintiff was arrested for failing to abide by the parameters set forth in a custody order. Domestic violence was not an issue in the arrest. *Complaint* ¶¶10, 15.

In a case similar to the instant matter, *Cotz v. Mastroeni,* the enforcement of custodial order, the District Court held that a municipality was not liable for officer's unlawful, warrantless entry into the plaintiff's home to enforce visitation orders, where the officers were not acting pursuant to police department policy; furthermore, the department's failure to train or instruct its officers in the handling of visitation disputes did not cause plaintiff's injury in light of the basic tenet of police procedure requiring a warrant prior to a search of a person's home absent exigent circumstances. *Cotz v. Mastroeni* 476 F.Supp.2d 332 (S.D.N.Y. 2007) In the instant case, P.O Parrello did not

13

enter plaintiff's home he simply effectuated an arrest based on the clear language of the Westchester Family Court Order.

Plaintiffs have not even asserted the nature of the municipal claims such as a failure to train. A municipality may be held liable under § 1983 if "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978)*. If there is no underlying constitutional violation by a municipal official, the municipality may not be held liable. *See, Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992)*. Even if an underlying constitutional violation did occur, plaintiffs must show that the alleged constitutional deprivation was the result of a municipal policy or custom. *See, Monell, 426 U.S. at 691*. An assertion that a municipality has such a policy without some allegations of fact supporting the inference is insufficient. *Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir.1992)*. Additionally, a single incident alleged in a complaint is generally not enough to establish the existence of a custom or policy, particularly if the incident involves only officials below the policy making level. *Id. at 101*.

In the instant matter, plaintiffs' §1983 claim against the municipal defendants must fail since the plaintiff has not alleged any evidence of a custom or policy of authorizing false arrests or even a failure to train which would support a *Monell* claim.

## POINT VII

### PLAINTIFFS' CLAIMS SOUNDING IN NEGLIGENCE MUST BE DISMISSED AS A MATTER OF LAW

Plaintiff's complaint sets forth an alternate theory of liability sounding in negligence for false arrest and imprisonment. *Complaint*¶ ¶25, 30. However, New York Law does not provide for recovery under a broad principle of general negligence; rather,

14

Plaintiff may seek recovery only through the traditional tort remedies of false arrest, false imprisonment and malicious prosecution.  Courts within New York have consistently held that where the underlying conduct on which a negligence claim is based rests on an arrest, imprisonment and prosecution of the plaintiff, the "[p]laintiff may not recover under broad principles of general negligence, ... but must proceed by way of traditional remedies of false arrest and imprisonment and malicious prosecution." *Boose v. City of Rochester*, 421 N.Y.S.2d 740, 744 (4th Dep't 1979) (holding that plaintiff who was arrested for two crimes apparently committed by others could not recover from the defendant under broad general negligence principles but was required to pursue traditional intentional tort remedies for false arrest, false imprisonment and malicious prosecution); *See also, Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). (observing that New York law does not provide for recovery under general negligence principles for a claim that law enforcement officials failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution).  As such, plaintiff claims sounding in negligence against Parrello must be dismissed.

Insofar as Plaintiff asserts a claim for negligent training, hiring and/or supervision of police officers, such a claim requires the Plaintiff to allege that the training provided by the Town and the Police Department was so inadequate as to reflect a "deliberate indifference" to the rights of those persons with whom the defendant employees come into contact.  *Canton v. Harris*, 489 U.S. 378, 388 (1989).  Again, the Plaintiff does not even plead the requisite elements to establish liability against the municipal defendant, and any claims promised upon this theory must also be dismissed.  Accordingly, the Plaintiff's negligence claim must be dismissed.

## CONCLUSION

For all the foregoing reasons, the plaintiff's Federal and State law claims against Parrello, and Federal *Monell* claims against the Town of Harrison must be dismissed with prejudice. Additionally, the Harrison Town Police Department should be removed as a defendant and the claims against it should be dismissed with prejudice, together with such other and further relief as to this Court seems just and proper.

Dated:     February 15, 2008
           Lake Success, New York

Respectfully submitted,

FRIEDMAN, HARFENIST
LANGER & KRAUT
*Attorneys for Defendants*
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
(516) 775-5800
(516) 775-4082 (fax)

By: _____
           Charles Horn (CH 1886)

16

# FRIEDMAN, HARFENIST, LANGER & KRAUT, LLP
### ATTORNEYS AT LAW
3000 MARCUS AVENUE – SUITE 2E1
LAKE SUCCESS, NEW YORK 11042
PHONE: (516) 775-5800    FAX: (516) 775-4082

RUSSELL C. FRIEDMAN
STEVEN J. HARFENIST
JONATHAN D. KRAUT

ANDREW C. LANG
CHARLES H. HORN
NEIL TORCZYNER
HEATHER L. SMAR
JOSEPH N. ARMAO
LEO K. NAPIOR

OF COUNSEL:
STANLEY M. LANGER
JOSEPH L. LATWIN
DAVID ZWERLING

WESTCHESTER COUNTY OFFICE:
2975 WESTCHESTER AVENUE – SUITE 415
PURCHASE, NEW YORK 10577
PHONE: (914) 701-0800
FAX: (914) 701-0808

February 21, 2008

Hon. William C. Connor
United States District court
Southern District of New York
300 Quarropas Street, Room 630
White Plains, New York   10601

RE:    Rheingold v. Harrison Town Police, et al.
       Index No.  08 CV 0084 (WCC)

Dear Judge Connor:

Counsel for the parties appeared before Your Honor on February 15, 2008 for an initial conference. Prior to that date, your undersigned had requested that the initial conference also be designated as a pre-motion conference in order to file a motion to dismiss pursuant to FRCP 12(c). At the conference, Your Honor was provided with a courtesy copy of the motion and a motion schedule was set down. That motion schedule requested the moving papers to be electronically filed by February 19, 2008. Due to a clerical error in my office, that was not done until February 21, 2008 at approximately 10:30 a.m.

Please accept this correspondence as a formal application to modify the dates of the motion schedule. I apologize for any inconvenience this clerical error may have caused the Court or the parties in this action.

Respectfully submitted,

FRIEDMAN, HARFENIST, LANGER & KRAUT

By: _____
       Charles Horn (CH1886)

CH:pt