UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ALAN RHEINGOLD,

               Plaintiff,                    08 CV 0084 (WCC)

    - against -

HARRISON POLICE OFFICER, J. PARRELLO   **PLAINTIFF'S AFFIDAVIT**

TOWN/VILLAGE OF HARRISON, DEBORAH        **IN OPPOSITION**

RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

              Defendants..

-------------------------------------------------------------X

STATE OF NEW YORK  ()
COUNTY OF KINGS     () SS.:

    ALAN RHEINGOLD, being duly sworn, deposes and says:

    1.   I am the Plaintiff in the within action the ex-husband of Defendant

DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, hereinafter

referred to as "Deborah G."and as such, I am fully familiar with all facts stated

herein.

    2.   I submit this Affidavit in opposition to the motion by the municipal

Defendants pursuant to F.R.C.P. 12 (c) to dismiss this action against them.

    3.   By way of background, Defendant DEBORAH_G. and I married in

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ALAN RHEINGOLD,

                 Plaintiff,                       08 CV 0084 (WCC)

     - against -

HARRISON POLICE OFFICER, J. PARRELLO     **PLAINTIFF'S AFFIDAVIT**

TOWN/VILLAGE OF HARRISON, DEBORAH         **IN OPPOSITION**

RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

                Defendants..

------------------------------------------------------------X

STATE OF NEW YORK  ()

COUNTY OF KINGS    () SS.:

     ALAN RHEINGOLD, being duly sworn, deposes and says:

    1.   I am the Plaintiff in the within action the ex-husband of Defendant

DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI, hereinafter

referred to as "Deborah G."and as such, I am fully familiar with all facts stated

herein.

    2.   I submit this Affidavit in opposition to the motion by the municipal

Defendants pursuant to F.R.C.P. 12 (c) to dismiss this action against them.

    3.   By way of background, Defendant DEBORAH_G. and I married in

1994 and had two (2) children together, Zoe Madison Rheingold, born January 14, 1996 and Sydney Megan Rheingold, born December 16, 1997. We were divorced by Judgment of Divorce of the Supreme Court Kings County, dated August 31, 2000.

4.    Pursuant to our Judgment of Divorce, Defendant DEBORAH G. and I have shared joint legal and joint physical custody of our two (2) daughters. The current arrangement, which has existed for some time now, involves our two (2) daughters alternating households with each parent a week at a time. After our divorce, from 2003-2008, Defendant DEBORAH G. and I have been involved in protracted litigation concerning our daughters. Initially, the litigation centered around Defendant DEBORAH G.'S relocation with our children from Kings County to Westchester County, and as a result thereof, both Defendant DEBORAH G. and I reside in Westchester County. More recently, the litigation involved each parent's requests to modify the joint physical and legal custody arrangement; however these proceedings were settled with an appointment of a parent coordinator, who is to resolve disputes between my ex-wife and I.

5.    On or about October 19, 2006, my ex-wife initiated a family offense petition against me in the Family Court, Westchester County, which resulted in my being served with a Temporary Order of Protection on October 20, 2006,(a

copy of which is annexed hereto as Exhibit "1") by the Harrison police, outside

my Westchester home, in front of my neighbors, my wife and my stepchildren, at

approximately 5:15 P.M. or about fifteen (15) minutes before Plaintiff was

obligated to deliver my two daughters to me, for my custodial/parenting time,

pursuant to our joint legal and physical custody agreement. My ex-wife initiated

this Family Court, Westchester County family offense proceeding , not because of

any personal fear for herself or for my daughters, but in an attempt to keep me

away from my daughters, despite having been admonished firstly, by Supreme

Court J.H.O Leon Deutsch and later by Supreme Court, Kings County Justice

Michael A. Ambrosio, not to take any action regarding my custody and parental

rights of Sydney and Zoe in Westchester Family Court or any other Court, but for

the Supreme Court, Kings County. In addition, to violating these Orders and

directives, my ex-wife, blatantly lied and fraudulently misled the Westchester

Family Court Judge in the family offense proceeding that she filed on October 19,

2006, by stating that she had physical custody of our two (2) children and I

merely had visitation rights with my children. My ex-wife was fully aware of our

Stipulation of Settlement and Judgment of Divorce and all subsequent Orders

issued by the Supreme Court, Kings County and was been reminded on many

occasions by Justice Ambrosion and J.H.O. Deutsch that Defendant Deborah G.

and I shared joint legal and physical custody of our children. As a result of my ex-

wife's fraudulent and false accusations, the Family Court, Westchester County,

suspended my overnight "visitation" and directed me to return the children to my

ex-wife at 8:30 P.M. at the conclusion of each visit. On page 2 of the ex-parte

Westchester Family Court Order, dated October 19, 2006, adjacent to a paragraph

identified as '99", I was directed to

> "Observe: such other condition(s) as are necessary to furnish the purposes
> of protection: Alan C Rheingold (dob: 04/19/61) THE RESPONDENT
> SHALL RETURN THE CHILDREN AT 8:30 PM AT THE
> CONCLUSION OF EACH VISIT AND WILL HAVE OTHER
> VISITS AS ARRANGED. OVERNIGHT VISITATION IS
> SUSPENDED.:

Noteworthy is the fact that no where in this October 19, 2006 Order

does it state the location where I was to return my children to their mother. On

Saturday October 21, 2006, when I had an early morning appointment at my

attorneys' office, my ex-wife, after dropping off my daughters at my Westchester

residence at 10:20 A.M. returned to my home at 10:40 A.M., and kidnaped the

children from my home and would not return them until 2:40 P.M., when she was

ordered to return them to my custody by Sgt. Grant of the Harrison Police

Department . The aforesaid wrongful behavior deprived my children of spending

a day at a family get together in New Jersey, which the children were looking

forward to. My new wife appropriately took no action in front of the children

when she was threatened by my ex-wife's husband on Saturday at 10:40 A.M. with

police action as she felt that our children have been exposed to too much police action. I later learned that immediately after wrongfully removing my daughters from my home, my ex-wife proceeded to take my daughters to the Harrison Police Station, where she filed a report in an attempt to justify her actions. My ex-wife mislead the Harrison police into believing that there was an existing Court Order precluding her from dropping off and leaving my children with my wife, and stated that I was required to be present at all times when my children were at my residence. This statement was blatantly false, and after I provided the police with this Court's signed Orders to the contrary, the police ordered my ex-wife to immediately return my daughters to my residence. The police refused to arrest my ex-wife for this flagrant violation of my joint legal and physical custody order and for her continued harassment of me. I was told by the police that mothers were not arrested by the police in Harrison, NY. On Sunday morning October 22, 2006, I picked up my daughters from my ex-wife's home at 10:00 A.M. and returned with my daughters to my home. My ex-wife, accompanied by her husband, proceeded to drive up and down my block (Lincoln Avenue) from shortly after 10:00 A.M. until around 10:47 A.M., when she lodged a complaint against me that my car was improperly parked in front of my home at 11 Lincoln Avenue, West Harrison, New York, while I was unloading my vehicle. The Harrison Police Department did respond, and my daughters witnessed them giving me a warning

notice about unloading my vehicle. Defendant Deborah G. Plaintiff was not

finished with her stalking and harassment for the morning of October 22, 2006.

My ex-wife accompanied by her husband, continued to repeatedly drive up and

down my block until around 12:30 P.M., when she called the police when she saw

my children playing on the stoop of our home, and requested a welfare check. As a

result thereof, the Harrison Police Department once again dispatched a patrol car

to my home, and Police Office Richie Abbate, I.D. 135 took a report, and found

that the children were in good health and unharmed. Officer Abbate, then

proceeded to take my harassment deposition against my ex-wife, but refused to

arrest my ex-wife for stalking and harassment, which my attorneys advise are

crimes that could be charged under the New York State Penal Law. At about 9:45

P.M. on October 22, 2006, I was visited at home, by two (2) caseworkers from the

Westchester County Emergency Child Protective Services, who advised me that a

complaint had been lodged against my wife and I by my ex-wife. They questioned

my wife and I, woke up my stepdaughter Emily, checked on both Lisa and Emily

and found absolutely nothing to warrant this complaint. Ultimately Westchester

County Family Services determined that all of my ex-wife's complaints against my

wife and I were unfounded.

On Friday October 26, 2006, after picking my children at 3:00 P.M.

from Preston Elementary School, my children were to be with me until 8:30 P.M.,

pursuant to the Order in place. My ex-wife's and my attorneys, acting on our behalf worked out an agreement to facilitate our daughters attending a Halloween costume party at their school, Preston Elementary School, located at 50 Taylor Avenue, West Harrison, NY. This agreement, which was confirmed in a letter, dated October 27, 2006, faxed from my ex-wife's attorney, Ursula A. Gangemi, Esq. to my attorneys. (Exhibit " 2 ") reads as follows:

"October 27, 2006

VIA FACSIMILE ONLY #718-875-6797

Steven Bernstein, Esq.
189 Montague Street, Suite 303
Brooklyn, NY 11201:

Re: Rheingold v. Rheingold:

Dear Mr. Bernstein:

Please be advised that I have confirmed with my client
that she will be dropping off the children's costumes at
your client's residence at 6:30 pm and will pick up the
children from the school at 8:30 pm

Very truly yours,

S/

Ursula A. Gangemi, Esq.

UAG/das
cc: Robert Nicholson, Esq."

My attorneys faxed a copy of Ms. Gangemi's October 27, 2006 to me, shortly after their receipt of same from my ex-wife's attorney. As per the aforesaid

letter, my ex-wife dropped off the children's costumes at my residence at approximately 6:30 P.M. and I took our children dressed in their costumes to their Halloween party at the Preston Elementary School in West Harrison. My ex-wife's husband Steven Gierszewski appeared at the Halloween party with one of our daughter's friend at approximately 7:00 P.M., until approximately 8:30 P.M. when I delivered the children to him as per our understanding and agreement. Mr. Gierzweski, who had purchased raffle tickets for my daughters, stood with my daughters and observed the raffle that was taken place at 8:30 P.M. My ex-wife never showed up at the Halloween party and it was obvious that Mr. Gierzweski was at the school not only to observe the Halloween party at school, but to pick up my daughters as he done numerous times in the past. At approximately 8:35 P.M., I received a frantic and angry call on my cell phone from my ex-wife. Deborah G. stating, something to the effect that if I didn't get our girls home immediately, I would be arrested. I immediately took my daughters and drove the girl's in a torrential downpour to their mother's home at 197 Woodside Avenue, West Harrison, NY. I dropped Zoe and Sydney off at their mother's home at approximately 8:45 P.M.

At approximately 9:30 P.M. on October 27, 2006, two (2) police cars came to my home; two (2) officers from the Harrison Town Police Department knocked on my door, stepped into my home and one of the police officers advised

me that they were there to arrest me for Criminal Contempt for violating a

Westchester Family Court Order because of complaint filed by Deborah G., (after

the children were with her) for returning my daughters late. I told the officers that

this must be a joke. After the officers were in my home, I called my attorney, after

he spoke to one of the officers, he advised me to show the officers the Westchester

Family Court Order, dated October 19, 2006, and the letter received by his office

from my ex-wife's attorneys. My attorney and I both advised the police officers

that the Family Court Order, dated October 19, 2006 did not specify the location

where the children were to be returned to my ex-wife and that the temporary order

permitted the parties to make arrangements concerning my visits with my

daughters. I handed to the police officers copies of the Family Court Order as well

as my ex-wife's attorney's October 27, 2006 letter (Exhibit "2". I protested my

innocense to the police officers, telling them I did not violate any order of any

court and told the officers that this arrest must be a cruel joke. I detailed to the

officers my agreement and arrangements made with my ex-wife for that evening,

and what had occurred that evening relating to our daughters. I begged the

officer's to question, my ex-wife's attorney, and/or even my ex-wife to verify the

veracity of her attorneys' October 27, 2006 letter. I also begged the officers to

speak to my ex-wife's husband and other parents at my daughters' school to verify

that the girls were with Mr. Steven Gierzweski at 8:30 P.M. that evening as proof

that I did not violate any order. The officers looked at my documents, however, they refused my request that they investigate my ex-wife's complaint any further and also refused to speak to my ex-wife's attorney, my ex-wife or husband. I even offered the officers, my ex-wife's telephone number. After the police officers read the documentation, they had some discussion amongst themselves and called their captain or lieutenant. The officers then told me that I was being arrested and had to go with them. At that point my wife questioned whether a warrant was needed to arrest me in my home, whereupon one of the officers told her, " We know how to do our job". I was escorted out of my home with a police officer at each side as my wife and step daughters were standing by and neighbors observed my being placed into the police car, where I was handcuffed. I was taken to the Harrison Police Station, wherein I was handcuffed to a wall, and left locked in a small cell for several hours, except for the few moments that I was fingerprinted. I remained in handcuffs at the station until after a number of hours when I was released and given a Desk Appearance Ticket and directed to appear at the Justice Court, Town of Harrison on Friday November 3, 2006.

As a result of the foregoing arrest, I appeared at the Harrison Town Court on November 3, 2006 and was arraigned on the charge of Criminal Contempt in the second degree for alleged violation of the "visitation" directives

in the October 19, 2006 Westchester Family Court Order. A copy of the

misdemeanor complaint, which is annexed hereto as "Exhibit " 3", reads as

follows:

A PERSON IS GUILTY OF CRIMINAL CONTEMPT IN THE SECOND

DEGREE WHEN HE ENGAGES IN INTENTIONAL DISOBEDIENCE OR

RESISTANCE TO THE LAWFUL PROCESS OR OTHER MANDATE OF A

COURT EXCEPT IN CASES INVOLVING OR GROWING OUT OF LABOR

DISPUTES AS DEFINED BY SUBDIVISION TWO OF SECTION TWO OF

SECTION 753 OF THE JUDICIARY LAW,

TO WIT, THE ABOVE DEFENDANT DID VIOLATE WEST COUNTY

FAMILY COURT DOCKET # O-13842/06 WHICH STATES THAT THE

ABOVE DEFENDANT MUST RETURN HIS CHILDREN BY 830 PM AT THE

END OF EACH VISIT, WHEN HE RETURNED THEM AT 8:50 PM

The most disturbing fact is that I immediately came to realize, which

was confirmed by the Harrison police, that in as much as my ex-wife's husband

was at the school on October 27, 2006, that had I returned the children to my ex-

wife's home on Friday night at 8:30 P.M., I nevertheless would have been arrested

for violating the same Temporary Order.

6. As a result of my arrest for Criminal Contempt in the Second

Degree, I was caused to retain counsel, for which I expended $5,000.00 and appeared in Harrison Town Court for all told, for eight (8) court appearances until the Westchester District Attorney finally advised Judge Lust of the Harrison Town Court that they did not oppose the dismissal of the charges against me. On August 3, 2007 the charges against me were dismissed. A copy of a Certificate of Disposition, verifying dismissal of the criminal charges against me is annexed hereto as Exhibit "4".

7.   I initiated this law suit not only to recover the damages I suffered as a result of my false arrest, false imprisonment, malicious prosecution and violation of my civil rights, but in an effort to insure that no man in the future should suffer and have their rights disregarded because of their gender. It is beyond belief, that I was arrested for criminal contempt, despite the vagueness of a Family Court Temporary Order, and despite the overwhelming evidence available to the police, that there was no wilful violation of a Court Order. My arrest was compounded by the malicious prosecution of me for some nine (9) months. For a person, such as myself, who had never been arrested, the fact that I was paraded in front of neighbors and community members in front of my house and in front of my neighbors and children's friends and acquaintances in the Harrison Town Court was mortifying.

WHEREFORE, I respectfully request that the Defendants motion to dismiss be denied in its entirety and that I be granted such other and further relief as may be just and proper.

ALAN RHEINGOLD

Subscribed and sworn to before me
on March 26, 2008

Notary Public

STEVEN C. BERNSTEIN
Notary Public, State of New York
No. 24-4763290
Qualified in Kings County
Commission Expires March 30, 20 / /

Exhibit 1

F.C.A §§ 430, 550, 655, 828, 1029

ORI No: NY0590231
Order No: 2006-003579
NYSID No: _____

At a term of the Family Court of the State of New York,
held in and for the County of Westchester, at Courthouse
111 Dr. Martin Luther King Jr. Blvd., White Plains, NY
10601, on October 19, 2006

PRESENT: Honorable Sandra B. Edlitz

In the Matter of a FAMILY OFFENSE Proceeding

File #      101067
Docket#   O-13842-06

Debra Gierszewski (DOB: 05/29/1966),

Petitioner,

O/B/O

Zoe Rheingold (DOB: 01/14/1996),
Sydney Rheingold (DOB: 12/16/1997),

- against -

Alan C Rheingold (DOB: 04/19/1961),

Respondent.

NOTICE OF ENTRY

PLEASE TAKE NOTICE that the within
is a true copy of an order entered in
the office of the Clerk of the Family
Court of the State of New York in the
County of Westchester.

Dated:.......10/19/06......

Chief Clerk of the Court

Order
Distributed       [✓] P    [ ] P-ATY
                  [ ] R    [ ] R-ATY
[ ] DSS/SCU       [ ] C-ATY
[ ] OTHER ..........    [ ] M

Temporary Order Of Protection

Ex Parte

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND
CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS
FOR CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO FAMILY COURT PROSECUTION AND
INCARCERATION FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT. IF YOU FAIL TO APPEAR IN
COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND
CONTINUE IN EFFECT UNTIL YOU APPEAR IN COURT.

A petition under Article 8 of the Family Court Act, having been filed on October 19, 2006 in this Court and good cause
having been shown.

Now, therefore, it is hereby ordered that Alan C Rheingold (DOB: 04/19/1961) observe the following conditions of
behavior:

[01] Stay away from:

[A]    Debra Gierszewski (DOB: 05/29/1966);

[B]    the home of Debra Gierszewski (DOB: 05/29/1966) at 197 Woodside Ave., West Harrison, NY 10604
       EXCEPT TO PICK UP AND DROP OFF THE CHILDREN CURB SIDE FOR VISITATION.;

Page: 2
Docket No. O-15542-06
OP's 2003

[02]   Refrain from assault, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats or any criminal offense against Sydney Rheingold (DOB: 12/16/1997) and Zoe Rheingold (DOB: 01/14/1996);

[99]   Observe such other condition(s) as are necessary to further the purposes of protection: Alan C Rheingold (DOB: 04/19/1961) . POLICE TO ASSIST IN THE SERVICE OF THIS ORDER.;

[99]   Observe such other condition(s) as are necessary to further the purposes of protection: Alan C Rheingold (DOB: 04/19/1961) THE RESPONDENT  SHALL RETURN THE CHILDREN AT 8.30PM  AT THE CONCLUSION OF EACH VISIT AND WILL HAVE OTHER VISITS AS  ARRANGED. OVERNIGHT VISITATION IS SUSPENDED.;

   It is further ordered that this Temporary Order Of Protection shall remain in effect up to and including  December 14, 2006;

Dated:      October 19, 2006

                              ENTER



                    Honorable Sandra B. EdJlitt

   The Family Court Act provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize, and in some situations may require, such officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face whatever penalties may be imposed therefor.

   Federal law provides that this order must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if it is established that the person against whom the order is sought has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 U.S.C. §§2265, 2266).

   It is a federal offense to:  cross state lines to violate an order of protection; cross state lines to engage in stalking, harassment or domestic violence against an intimate partner or family member; possess, purchase, ship, transfer or receive a handgun, rifle, shotgun, or other firearm or ammunition following a conviction of a domestic violence misdemeanor involving the use or attempted use of physical force or a deadly weapon; or (except for military or law enforcement officers while on duty) possess, purchase, ship, transfer or receive a handgun, rifle, shotgun or other firearm or ammunition while an order of protection, issued after notice and an opportunity to be heard, that protects an intimate partner against assault, harassment, threatening and/or stalking, remains in effect (18 U.S.C. §§922(g)(8), 922(g)(9), 2261, 2261A, 2262).

Page 3
Docket No. G-13545-06
GF5 2002

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:

[ ] Personal service executed [specify date(s)]: _____

[ ] Order mailed on [specify date(s) and to whom mailed]: _____

[ ] Order received in court on [specify date(s) and to whom given]: _____

[ ] Warrant issued for Respondent [specify date]: _____

Exhibit 2

10/27/2006  15:38     7182341938          URSULA A GANGEMI                    PAGE  02/02

*Law Offices of*
*Ursula A. Gangemi, P.C.*
*1432 85th Street*
*Brooklyn, New York 11228*
*Telephone (718)234-2244*
*Facsimile (718)234-1938*

Ursula A. Gangemi

John F. Gangemi
Of Counsel

Theresa A. Tortorici
Debra A. Scotto
Paralegals

October 27, 2006

VIA FACSIMILE ONLY: #718-875-5797
Steven Bernstein, Esq.
189 Montague Street, Suite 303
Brooklyn, New York 11201

Re: Rheingold v. Rheingold

Dear Mr. Bernstein:

Please be advised that I have confirmed with my client that she will be dropping off the children's costumes at your client's residence at 6:30 pm and will pick the children up from the school at 8:30pm.

Very truly yours,

Ursula A. Gangemi, Esq.

UAG/das

cc:   Robert Nicholson, Esq.

Exhibit 3

THE PEOPLE OF THE STATE OF NEW YORK
-against-                                                     x

RHEINGOLD, ALAN L. (4/19/61)                                      MISDEMEANOR

11 LINCOLN AVE

W HARRISON NY
                    Defendant(s)
                                                             x

Be it known that the complainant herein P.O. PARRELLO #101 _____ of the Harrison Police
Department (or of _____ ) accuses the defendant(s)
named above of the following offenses committed at 197 WOODSIDE DR. W HARRISON NY _____ in the
Town of Harrison, NY on the 21ST day of OCTOBER , 20 06 at about 2030 hours

COUNT ONE: The offense of CRIMINAL CONTEMPT _____ -in violation of
section 215.50 subd. 3 of the penal law which is a violation, CLASS A misdemeanor
or a _____ felony.
COUNT TWO: The offense of _____
section _____ subd. _____ of the penal law which is a violation, _____ in violation of
or a _____ felony. _____ misdemeanor
COUNT THREE: The offense of _____
section _____ subd. _____ of the penal law which is a violation, _____ in violation of
or a _____ felony. _____ misdemeanor

And, in support of the foregoing, your complainant under penalty of section 210.45 of the penal law states as
follows:

A PERSON IS GUILTY OF CRIMINAL CONTEMPT IN THE SECOND DEGREE
WHEN HE ENGAGES IN INTENTIONAL DISOBEDIENCE OR RESISTANCE
TO THE LAWFUL PROCESS OR OTHER MANDATE OF A COURT EXCEPT
IN CASES INVOLVING OR GROWING OUT OF LABOR DISPUTES AS
DEFINED BY SUBDIVISION TWO OF SECTION 753 OF THE JUDICIARY
LAW.
TO WIT THE ABOVE DEFENDANT DID VIOLATE WEST COUNTY
FAMILY COURT DOCKET # O-13542-06 WHICH STATES THAT THE
ABOVE DEFENDANT MUST RETURN HIS CHILDREN BY 8:20 PM AT
THE END OF EACH VISIT, WHEN HE RETURNED THEM AT
8:50 PM

The above allegations of fact are made by the complainant herein on direct knowledge (and upon information and
belief), with the sources of complainant's information and the grounds for his belief being _____

NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS
A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN.

DATED 10/27/06

SIGNED P.O. Parrello #101

PRINTED P.O. W PARRELLO

Exhibit 4

# CERTIFICATE OF DISPOSITION

STATE OF NEW YORK
WESTCHESTER COUNTY

HARRISON TOWN COURT
CRIMINAL PART

PEOPLE OF THE STATE OF NEW YORK

VS.

ALAN L. RHEINGOLD; Defendant

CASE NO: 06110159

Date of Birth:  04/19/1961
Date of Arrest: 10/27/2006
Disposition Date: 08/03/2007

JC501 no: 58507920H
NYSID no: 5642764L

| Section Charged | Section Disposed | Ticket No & Description | Disposition | Fine | Civil-Fee | Surchg |
|---|---|---|---|---|---|---|
| PL 215.50 | PL 215.50 | CRIM CONTEMPT-2 | Dismissed | 0.00 | 0.00 | 0.00 |

Upon a proper request for an official statement of disposition,
I certify that the above named defendant having appeared before
this court was charged as shown above. Each of the charges was
disposed of as indicated.

Dated: The 3rd day of August 2007

Hon. Marc J. Lust

NOTE: A copy of the request will be filed with this certificate
in the case records.

CAUTION: This information must not be divulged if the case is
sealed or where the defendant has been adjudicated a youthful
offender.

Copies: ___ Court, ___ Defendant, ___ Agency, ___ DA

I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:

_____
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF _____ ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ Individual Verification    in the action; I have read the foregoing

_____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification    the _____ of _____

a _____ corporation and a party in the within action. I have read the foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

_____
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF  KINGS    ss.:    (If more than one box is checked—indicate after names type of service used)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at  Bellmore, NY

On  March 29, 2008    I served the within PLAINTIFF"S AFFIDAVIT IN OPPOSITION and *

☒ Service By Mail    by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ Personal Service on Individual    by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein;*

☐ Service by Electronic Means    by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☒ Overnight Delivery Service    by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

\* PLAINTIFF"S MEMORANDUM OF LAW
   BY FEDERAL EXPRESS- Charles Horn, Esq.
                      Friedman, Harfenist, Langer & Kraut
                      Attorneys for Harrison Police Officer J. Parrello an
                      Town/Village of Harrison
                      3000 Marcus Avenue
                      Lake Duccess, NY 11042
   BY REGULAR U.S. MAIL:- Ursula A. Gangemi, PLLC.
                      Attorney for Deborah Gierszewski
                      7820 3rd Avenue
                      Brooklyn, NY 11209

Sworn to before me on  March 29, 2008

STEVEN C. BERNSTEIN
Notary Public, State of New York
No. 24-4783380
Qualified in Kings County
Commission Expires March 30, 2011

_____
The name signed must be printed beneath
KENNETH JAFFE

Index No. 08CV 0084 (WCC) year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN RHEINGOLD,

Plaintiff,

-against-

HARRISON POLICE OFFICER J. PARRELLO, TOWN, VILLAGE OF HARRISON, DEBORAH RHEINGOLD, a/k/a DEBORAH GIERSZEWSKI,

Defendants

PLAINTIFF'S AFFIDAVIT IN OPPOSITION

Signature
Print name beneath STEVEN C. BERNSTEIN, ESQ. (SCB0915)

BERNSTEIN & JAFFE
Attorneys for Plaintiff
Office and Post Office Address, Telephone
189 Montague Street
Suite 303
BROOKLYN, NY 11201
(718) 875-7000

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (Certified) true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

BERNSTEIN & JAFFE

Attorneys for

Office and Post Office Address
189 Montague Street
Suite 303
BROOKLYN, NY 11201

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on
at          M.
Dated,

Yours, etc.

BERNSTEIN & JAFFE

Attorneys for

Office and Post Office Address
189 Montague Street
Suite 303
BROOKLYN, NY 11201

To

Attorney(s) for