UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALAN RHEINGOLD,

               Plaintiff,              08 CV 0084 (WCC)

      -against-

HARRISON TOWN POLICE
DEPARTMENT, HARRISON POLICE
OFFICER, J. PARRELLO,
TOWN/VILLAGE OF HARRISON,
DEBORAH RHEINGOLD, a/k/a
DEBORAH GIERSZEWSKI,

               Defendants,
-------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANT'S MOTION TO DISMISS

**FRIEDMAN, HARFENIST, LANGER & KRAUT**
3000 Marcus Avenue, Suite 2E1
Lake Success, New York  11042
(516) 775-5800

TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ i,ii

PRELIMINARY STATEMENT ................................................................................ 1


POINT I

PLAINTIFF HAS IMPROPERLY ATTEMPTED TO SET FORTH
BRAND NEW CAUSES OF ACTION IN THEIR MOTION PAPERS
THAT ARE NOT CONTAINED IN THE ORIGINAL COMPLAINT............................ 2

POINT II

PLAINTIFF UTTERLY FAILS TO OFFER ANY MATERIAL
FACTS TO UNDERMINE THE DEFENDANTS ASSERTION
OF PROBABLE CAUSE FOR THE ARREST OF PLAINTIFF…..…………………… 3

POINT III

PLAINTIFF FAILS TO REMEDY THE DEFICIENCIES IN HIS
COMPLAINT WITH THE REQUISITE EXTRINSIC
EVIDENCE................................................................................................................. 6

POINT IV

DEFENDANT PARRELLO IS ENTITLED TO
QUALIFIED IMMUNITY SHIELDING HIM AGAINST
LIABILITY AS TO ANY OF PLAINTIFF'S §1983 CLAIMS ........................................ 8


POINT V

PLAINTIFF'S MUNICIPAL CLAIMS AGAINST THE
TOWN/VILLAGE OF HARRISON SHOULD BE
DISMISSED FOR A FAILURE TO SUFFICIENTLY SET
FORTH ANY SHOWING CUSTOM OR POLICY FOR
RESULTING IN THE CONSTITUTIONAL VIOLATION............................................. 11


CONCLUSION......................................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039-40,*
  *97 L.Ed.2d 523 (1987)* ............................................................................... 7
*Cantalino v. Danner*, 269 AD2d 349, 702 N.Y.S.2d 626 (2d Dept 2000) ......................... 5
*Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992)*............................................. 9
Cotz v. Mastroeni 476 F.Supp.2d 332 (S.D.N.Y. 2007)..................................................... 8
*Curley v. Village of Suffern*, 268 F. 3d 65 (2d cir 2001)..................................................... 3
*Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir.1992).* .......................................... 9
*Golino v. City of New Haven, 950 F.2d. 864, 870 (2nd Cir. 1991)* ...................................... 6
*Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738,*
  *73 L.Ed.2d 396 (1982)* ............................................................................... 6
*Hebron v. Touhy*, 18 F. 3d 421, 422-23 (7th Cir. 1994) ................................................... 2
*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991)................................................. 2
*Krause v. Bennett*, 887 F. 2d 362,372 (2d Cir 1989) ......................................................... 3
*Lee v. Sandberg*, 136 F.3d 94, 103 n. 5 (2d Cir. 1997)...................................................... 3
*Lennon v. Miller, 66 F.3d 416,421 (2nd Cir. 1995)*............................................................ 7
*Little v. P.O. Massari*, 526 F.Supp 371 (E.D.N.Y. 2007)................................................... 3
*Lowth v. Town of Cheektowaga, 82 F.3d. 563, 569 (2nd Cir. 1996)* .................................. 6
*MacFawn v. Kesler*, 214 A.D.2d 925 (3d Dept 1995)......................................................... 5
*Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d (1986), .............. 7
*Miloslavsky v. AES Eng'g Soc'y. Inc.*, 808 F Supp. 351, 355 (S.D.N.Y. 1992)................. 2
*Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978).* ................................... 9
*O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir. 1996)*............................................5,6
*O'Neil v. Town of Babylon, 986 F.2d. 646 (2nd Cir. 1993)* ................................................ 6
*Panetta v. Crowley*, 460 F 3d 388, 395-96 (2d Cir 2006) ............................................... 3
*Riciuti v. New York City Transit Authority, 124 F.3d. 123, 128 (2nd Cir. 1997)* ............... 6
*Rodriguez v. Phillips, 66 F.3d 470 (2nd Cir. 1995)*.......................................................... 6
*Singer v. Fulton County Sheriff*. 63 F3d 110, 119 (2d Cir. 1995) ...................................... 2
*Singer*, 63 F.3d at 119 ....................................................................................................... 3
*Townes v. City of New York, 176. F.3d 138, 144 (2d. Cir. 1999), cert. denied, 528 U.S.*
  *964, 120 S.Ct. 398, 145 L.Ed.2d. 311 (1999)* ............................................................... 7
*United States v. Fama*, 758 F. 2d 834, 838 (2d Cir. 1985)................................................ 3

## Statutes

42 U.S.C. §1983................................................................................................... 4,5,8,9

## PRELIMINARY STATEMENT

The instant matter is before the Court on the Defendants Harrison Town Police Department, Harrison Police Officer J. Parrello and the Town/Village of Harrison's motion to dismiss the Plaintiff, Alan Rheingold's ("Plaintiff") Complaint for failure to state a claim, pursuant to FRCP 12(c). The Complaint alleges violations of Plaintiff's civil rights, under the Constitution of the United States for false arrest, malicious prosecution, equal protection as well as New York State common law claims for malicious prosecution and false arrest.

The Plaintiff's opposition to Defendants motion to dismiss proffers nothing more than a litany of irrelevant factual assertions concerning the arrest of plaintiff and blatantly incorrect principals of law. Additionally, the plaintiff has offered no argument concerning qualified immunity in support of their claims sounding in negligence which were contained in Plaintiff's Complaint and addressed in the Defendant moving papers. Accordingly, Defendant's motion should be granted in its entirety.

## POINT I

### PLAINTIFF HAS IMPROPERLY ATTEMPTED TO SET FORTH BRAND NEW CAUSES OF ACTION IN THEIR MOTION PAPERS THAT ARE NOT CONTAINED IN THE ORIGINAL COMPLAINT

"In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), a district court must limit itself to the facts stated in the complaint or in the documents attached to the complaint as exhibits or incorporated by reference." *Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991). Nowhere in the Complaint does the plaintiff allege that any of the defendants illegally entered the plaintiff's home in order to effectuate the arrest of the plaintiff. The allegation of home invasion has only recently been revealed in plaintiff's opposition papers and has no bearing on the issues before the Court concerning plaintiff's claim of false arrest or malicious prosecution as home invasion it is not an allegation set forth in Plaintiff Complaint. (Plaintiff's Memo of Law p. 10). Moreover, Plaintiff has not cross-moved to amend his complaint to add new claims. Accordingly, Plaintiff's complaint must be dismissed.

## POINT II

### PLAINTIFF UTTERLY FAILS TO OFFER ANY MATERIAL FACTS TO UNDERMINE THE DEFENDANTS ASSERTION OF PROBABLE CAUSE FOR THE ARREST OF PLAINTIFF

The Plaintiff's opposition evidences a lack of understanding as to probable cause in the context of § 1983 actions that "an arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with a crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity" *Singer v. Fulton County Sheriff.* 63 F3d 110, 119 (2d Cir. 1995) See also, *Miloslavsky v. AES Eng'g Soc'y. Inc.*, 808 F Supp. 351, 355 (S.D.N.Y. 1992) ("The veracity of citizen complainants who are the victims of the very crime they report to the police is assumed"). Indeed, even where the circumstances of an arrest may raise questions as to the motivation of the arresting officer, motivation is not a consideration in assessing, probable cause. *Singer*, 63 F.3d at 119; see also, *Lee v. Sandberg,* 136 F 3d 94, 103 n. 5 (2d Cir. 1997) (plaintiff's suspicion that trooper arrested her to appease complaining witness who indicated intent to file complaint against trooper was irrelevant to probable cause determination).

Plaintiff has inundated the Court with arguments in his opposition papers setting forth in detail how the Defendants could have conducted a better investigation and how the Plaintiff protested his innocence. However,

3

probable cause is not negated simply because there may be an innocent explanation for the facts alleged, and "an officers failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause" *Panetta v. Crowley*, 460 F 3d 388, 395-96 (2d Cir 2006).

Plaintiff's multiple assertions that the Defendant police officers were obligated to not to arrest the Plaintiff because he allegedly offered evidence going to his innocence is simply wrong. This proposition is contrary to well established authority in the Second Circuit. In *Curley v. Village of Suffern*, 268 F. 3d 65 (2d cir 2001) the Second Circuit held that once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest. Although a better procedure may (be) for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him. *Little v. P.O. Massari*, 526 F.Supp 371 (E.D.N.Y. 2007). Nor does it matter that an investigation might have cast doubt upon the basis for the arrest. Before making an arrest, if the arresting officer has probable cause, he need not also believe with certainty that the arrestee will be successfully prosecuted. *Id.* Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. There function is to apprehend

those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence. *Krause v. Bennett*, 887 F. 2d 362,372 (2d Cir 1989). It is not relevant that the arrest of the Plaintiff was contrary to Plaintiff's protestations of his innocence.

Plaintiff's federal and state claims for false arrest fail as there was probable cause as a matter of law to effectuate his arrest for contempt of a court order. Plaintiff goes to great lengths to "muddy the waters" concerning the level of proof necessary to convict someone of Criminal Contempt of a Court Order in his opposition papers. Plaintiff refers "beyond a reasonable doubt" and the New Pattern Jury Instruction to be used at the conclusion of a criminal trial for an individual accused of Criminal Contempt 2d Degree. (Plaintiff's Memo of Law Pg. 11 and 15) These standards are irrelevant to the probable cause determination. Although later plaintiff concedes to the proper standard of probable cause, his arguments concerning the clarity of the Westchester Court Order consistently reverts back to standards applicable to "reasonable doubt" standard. The only standard governing the Defendant's liability concerning the arrest of the Plaintiff is whether Defendant Parrello had probable cause at the time of the arrest. As probable cause existed as a matter of law, Plaintiff's claims for false arrest and malicious prosecution must be dismissed.

# POINT III

## PLAINTIFF FAILS TO REMEDY THE DEFICIENCIES IN HIS COMPLAINT WITH THE REQUISITE EXTRINSIC EVIDENCE

Plaintiff's New York common law causes of action for malicious prosecution and false arrest fail as to defendant, Harrison Police Officer J. Parrello ("Parrello") since: a) Plaintiff has failed to allege a favorable determination; and b) Parrello had probable cause to effectuate Plaintiff's arrest and/or is entitled to qualified immunity.    To the extent that Rheingold's §1983 false arrest and malicious prosecution claims are dismissed against the individual defendants, Plaintiff's New York State law claims for false arrest and malicious prosecution must likewise be dismissed since they are governed by the same standard.

Probable cause existed to charge plaintiff with criminal contempt.  For the reasons expounded in Point II above, there was probable cause to suspect that Plaintiff was in violation of the Order.    Accordingly, Plaintiff's malicious prosecution claims regarding this charge must be dismissed.

The plaintiff in his opposition papers has attached a copy of the Certificate of Disposition to his personal affidavit.  The Certificate indicates that the mater was dismissed but lacks any information as to the Section of the New York Criminal Procedure Law under which it was dismissed nor any indication that is was dismissed on its merits in plaintiff's favor. Under

6

New York State law, and Title 42 §1983 on claims for malicious prosecution, plaintiff must prove "the matter terminated in plaintiff's favor." *O'Brien v. Alexander, (101 F.3d 1479, 1484) (2d Cir. 1996)*.  The courts in New York have delineated reasons and sections which basis of dismissal will constitute a favorable determination to support claims for Malicious Prosecution under New York State Law and under 42 U.S.C. § 1983. Dismissals in the interests of justice for instance are not a judicial determination of the accused innocence on the merits.  *See, Cantalino v. Danner*, 269 AD2d 349, 702 N.Y.S.2d 626 (2d Dept 2000).    Further "dismissal of an information under CPL 170.35(1)(a) and CPL 170.30(1)(a) is neither an acquittal nor an adjudication on the merits." *MacFawn v. Kesler*, 214 A.D.2d 925 (3d Dept 1995).

The Plaintiff's Complaint is clearly insufficient to support a finding by this Court of a favorable determination of the underlying criminal matter and the supporting documents to plaintiff opposition papers add nothing to the discussion.  Therefore plaintiff malicious prosecution claims under in New York Law and 42 U.S.C. § 1983 fail as a matter of law.

## POINT IV

## DEFENDANT PARRELLO IS ENTITLED TO QUALIFIED IMMUNITY SHIELDING HIM AGAINST LIABLITY AS TO ANY OF PLAINTIFF'S §1983 CLAIMS

The doctrine of qualified immunity shields government officials from liability for damages on account of their performance of discretionary official functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rodriguez v. Phillips,* 66 F.3d 470 (2d Cir. 1995). It is well settled in the Second Circuit that qualified or good faith immunity shields a police officer from being subject to personal liability for damages. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). A police officer is entitled to qualified immunity shielding him from a claim of damages for false arrest or malicious prosecution where: 1) it was objectively reasonable for the officer to believe there was probable cause to make the arrest or 2) reasonably competent police officers could disagree as to whether there was probable cause to arrest. *Golino v. City of New Haven,* 950 F.2d. 864, 870 (2d Cir. 1991); *Riciuti v. New York City Transit Authority,* 124 F.3d. 123, 128 (2d Cir. 1997).

A police officer has probable cause to arrest when he is in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed a crime. *Id.; O'Neil v. Town of Babylon*, 986 F.2d. 646 (2d Cir.

1993). In evaluating the issue of probable cause the Court must consider the facts that were available to the police officer at the time of the arrest. *Lowth v. Town of Cheektowaga,* 82 F.3d. 563, 569 (2d Cir. 1996). Likewise, where probable cause exists that a crime has occurred a claim of malicious prosecution fails as a matter of law. *O'Brien v. Alexander,* 101 F.3d. 1479, 1484 (2d Cir. 1996).

In delineating the elements of the qualified immunity analysis, the Second Circuit has explained that

> [I]n deciding whether a particular right was clearly established as of a particular time, we must determine (i) whether the right at issue was defined with reasonable clarity; (ii) whether the Supreme Court or the Second Circuit has affirmed the existence of the right; and (iii) whether reasonable police officers in the defendants' position would have understood from the existing law that their conduct was unlawful.

*Townes v. City of New York,* 176. F.3d 138, 144 (2d. Cir. 1999)*, cert. denied,* 528 U.S. 964, 120 S.Ct. 398, 145 L.Ed.2d. 311 (1999). Assuming that a Plaintiff can establish that there was a constitutional right which was clearly established at the time of the incident, Parello is immunized from liability if it was objectively reasonable for him to believe, even if mistakenly, that his conduct did not violate such rights. See, *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039-40, 97 L.Ed.2d 523 (1987).

9

In the instant matter, Parrello is entitled to qualified immunity if there was "arguable probable cause." In other words, even in the absence of probable cause, Parrello would still be entitled to qualified immunity so long as he reasonably believed that probable cause existed under the circumstances. If reasonable officers could disagree about the legality for the arrest and prosecution, then Parrello would be immune from suit under qualified immunity. *Lennon v. Miller*, 66 F.3d 416,421 (2d Cir. 1995).

In this action  Deborah Rheingold made a complaint to Defendant, P.O. Parrello that the Plaintiff had violated a Westchester Family Court Order which P.O. Parrello possessed at the time of the arrest. This information certainly created "arguable" probable cause. As the Supreme Court held in *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d (1986), qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Plaintiff has failed to allege that defendant Parrello falls within either category and therefore should be afforded qualified immunity to Plaintiff's claims for false arrest and malicious prosecution.

## POINT V

**PLAINTIFFS' MUNICIPAL CLAIMS AGAINST THE
TOWN/VILLAGE OF HARRISON SHOULD BE
DISMISSED FOR A FAILURE TO SUFFICIENTLY SET
FORTH ANY SHOWING CUSTOM OR POLICY FOR
RESULTING IN THE CONSTITUTIONAL VIOLATION.**

Plaintiff offers nothing to counter the arguments set forth in Defendants' motion papers concerning the deficiencies in his municipal claims. The only semblance of a municipal custom, policy, pattern or practice set forth in plaintiff's complaint is "(t)hat on a regular basis, Defendants pursue complaints of domestic violence by females and reject and refuse to investigate similar complaints made by males." *Complaint* ¶37. This allegation is utterly irrelevant to the underlying constitutional allegations herein, since the plaintiff was arrested for failing to abide by the parameters set forth in a custody order. Domestic violence was not an issue in the arrest. *Complaint* ¶¶10, 15.

In a case similar to the instant matter, dealing with the enforcement of custodial order, the District Court held that a municipality was not liable for officer's unlawful, warrantless entry into the plaintiff's home to enforce visitation orders, where the officers were not acting pursuant to police department policy *Cotz v. Mastroeni,* 476 F.Supp.2d 332 (S.D.N.Y. 2007)., Furthermore, the District Court noted that the department's failure to train or instruct its officers in the handling of visitation disputes did not cause

11

plaintiff's injury in light of the basic tenet of police procedure requiring a warrant prior to a search of a person's home absent exigent circumstances. *Cotz,* 476 F.Supp. at 332. Even assuming arguendo that this court accepts the Plaintiff's additionally claims of home invasion, the Complaint and the additional information in Plaintiff's opposition papers do not support a claim against the municipality since Plaintiff has not even asserted the nature of the claim against Harrison such as a failure to train.

A municipality may be held liable under § 1983 if "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978). If there is no underlying constitutional violation by a municipal official, the municipality may not be held liable. *See, Collins v. City of Harker Heights,* 503 U.S. 115, 121 (1992). Even if an underlying constitutional violation did occur, plaintiffs must show that the alleged constitutional deprivation was the result of a municipal policy or custom. *See, Monell,* 426 U.S. at 691. An assertion that a municipality has such a policy without some allegations of fact supporting the inference is insufficient. *Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1992). A single incident alleged in a complaint is generally not enough to establish the existence of a custom or policy, particularly if the incident involves only officials below the policy making level. *Id. at 101.*

12

In the instant matter, plaintiffs' §1983 claim against the municipal defendants must fail since the plaintiff has not alleged any evidence of a custom or policy of authorizing false arrests or even a failure to train which would support a *Monell* claim.

## CONCLUSION

For all the foregoing reasons, the plaintiff's Federal and State law claims against Parrello, and *Monell* claims against the Town of Harrison must be dismissed with prejudice, together with such other and further relief as to this Court seems just and proper.

Dated:   April 7, 2008
            Lake Success, New York

Respectfully submitted,

FRIEDMAN, HARFENIST
LANGER & KRAUT
*Attorneys for Defendants*
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
(516) 775-5800
(516) 775-4082 (fax)

By:  _____
        Charles Horn

13